THE SALINA IMPLEMENT AND SEED COMPANY V.
W. E. HALEY.

No. 15,304. (93 Pac. 579.)

SYLLABUS BY THE COURT.

1. SALES—*Rescission—Return of Property—Reasonable Time—Question of Fact.* What is a reasonable time within which a purchaser should return a machine sold to him on condition that he can return it if it does not meet the warranty and work satisfactorily is ordinarily a question for the jury, where there is conflicting testimony on the proposition.

2. ——— *Delay in Returning Property Occasioned by Seller—Estoppel.* While such purchaser, in order to rescind, is required to return the machine with reasonable promptness after giving it a fair test and learning of its defects, the seller is not in a position to insist that there was unreasonable delay where the purchaser was induced to keep the machine for a time by assurances of the seller that he would put it in working order, and by his attempts to do so, if the machine is promptly returned after the last ineffectual attempt of the seller to make it work satisfactorily.

Error from Ottawa district court; ROLLIN R. REES, judge. Opinion filed January 11, 1908. Affirmed.

*H. C. Tobey,* for plaintiff in error.
*John L. King,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: On August 26, 1905, the Salina Implement and Seed Company, through its agent, S. A. Dixon, sold a corn-harvester to W. E. Haley, the price being $125 if paid in cash, or $130 if notes promising payment in the future were given. Haley took the machine to his farm and undertook to operate it, and after using it more or less until September 4, 1905, he decided that it did not serve the purpose for which it was purchased nor come up to the conditions of the warranty under which it was sold. The company, claiming that there was an unconditional sale, brought this action to recover the price of the machine, contending also that Haley kept the machine an unreasonable time, much longer than was necessary for a test of its working qualities, and that, when Haley complained of the machine, Dixon said to him that if he was not satisfied he should return the machine, but that he had then refused to do so or to rescind the contract, and, by continuing thereafter to use the machine, he waived any right he might have had to rescind the sale. There was proof, and plenty of it, tending to show that the sale was made under a warranty that the machine would do good work, and that Haley should take and test it by use until he was satisfied that it met the requirements of the warranty, and, if it did not work to his satisfaction, he could return it to the plaintiff. There was a conflict in the testimony as to the warranty, and also as to whether Dixon had requested Haley to return the machine if he was not satisfied with it; but the findings of the jury were that the machine was warranted to do good work but did not, that Haley was to run the machine until he was satisfied that it would work well before accepting it, and that if it did not work to his satisfaction he had the privilege of returning it to the company.

It is contended that the testimony of disinterested

witnesses, and that which is most credible, shows that the sale was made without a warranty. The jury have decided what testimony is most worthy of credit, and their findings, based as they are on legal evidence, put that question at rest.

The principal contention is that the test of the machine was not honestly made, and that Haley kept and used it too long after discovering that it was unsatisfactory to justify a rescission of the contract and the return of the machine. It was the duty of Haley to give the machine a fair test, availing himself of such suggestions and assistance as the seller could render, and if it proved defective and unsatisfactory he was then entitled to rescind the contract and return the machine, providing it was done within a reasonable time. In speaking of the return of the machine in case it was found that the sale was made upon an agreement that if the machine did not prove satisfactory to Haley it might be returned the court properly charged the jury as follows:

"If in his honest judgment it did not so operate he would have a right to return the machine and cancel the contract, but under such circumstances it would be his duty to return the machine with reasonable promptness, after having used the machine for such a reasonable time as would be required to give the machine a fair test, and if he failed to return the machine within a reasonable time after having discovered the defects he would be deemed to have waived them, unless his delay in returning the machine and rescinding the contract was occasioned by the promise of the plaintiff to fix the machine so that it would work. In a transaction of this kind both parties are required to act in good faith, and neither can be permitted to take advantage of his own wrong."

What is a reasonable time within which to return property so sold and accomplish a rescission is a question of fact for the jury, where there is conflicting testimony. (*Cookingham v. Dusa*, 41 Kan. 229, 21 Pac. 95.) Here, as we have seen, the trial of the machine

was begun on Saturday, August 26, and upon the following Tuesday Haley notified the agent that it did not work properly. On Wednesday Dixon sent his man to Haley's farm to adjust the machine, and, not succeeding, it was brought in to Dixon's store for repairs. Afterward Haley took it out and worked with it most of the time until Saturday, but as it would not bind satisfactorily he brought it back to Dixon for other repairs and adjustment. Dixon put on a new chain-tightener, which it was hoped would remedy the defect. It would not work well, however, and on Monday, September 4, Haley and Dixon took the machine to a blacksmith, who put on a new knotter for them. Again Haley tried the machine for a short time, but finding that the defects had not been overcome be abandoned any further tests and returned the machine to Dixon. Under the testimony it was a fair question for the jury whether the test was made in good faith and whether under the circumstances the machine was returned within a reasonable time. It is true that Haley used the machine from time to time for more than a week, and actually cut considerable corn, but at no time did the machine properly bind the corn. At first Haley appears to have thought that the failure was due to the new paint, and that after the machine was operated for a time it would do better work. Dixon appears to have proceeded on the theory that the defects could be remedied, as he made repeated efforts to repair the machine, which continued until it was finally returned to him. The plaintiff is hardly in a position to insist that the test was unreasonably long when it and its agent were assisting Haley in making the test until the last day and holding out assurances that they could remedy the defects. It is fairly inferable that the delay in returning the machine was induced in great part by the assurances of Dixon that the machine could be made to work satisfactorily and his continued efforts to adjust it. Since the machine was returned promptly after the last in-

effectual attempt of plaintiff to adjust the machine and put it in working order, the plaintiff has no right to insist that the delay was unreasonable.

There is nothing substantial in the objections to the rulings on the admission of evidence or to the instructions given by the court. The judgment is affirmed.