THE AMERICAN ELECTRIC TELEPHONE COMPANY, *Appellee,* v. THE EMPORIA TELEPHONE COMPANY, *Appellant.*

No. 16,616.

SYLLABUS BY THE COURT.

1. SALES — *Manufacturer — Implied Warranty.* A sale by a manufacturer of a certain kind of telephones made in the usual course of business for the general trade does not carry with it an implied warranty that the telephones will meet the purposes and expectations of the buyer.

2. ——— *Sale on Approval—Retention beyond Specified Time, without Complaint or Offer to Return.* Where a sale of an article was made on sixty days' approval, in which the buyer was given the right to return it if at the end of that time it failed to give efficient service, but if it proved efficient the buyer was to accept and pay for it at a stipulated price, the retention and use of the article for more than a year, without complaint, no return of or offer to return it having been made, justified a recovery of the contract price of the article by the seller.

Appeal from Lyon district court. Opinion filed July ·9, 1910. Affirmed.

*L. B. Kellogg,* and *W. L. Huggins,* for the appellant.
*M. M. Suddock,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The American Electric Telephone Company brought this action against the Emporia Telephone Company to recover upon an account for telephone supplies which the Emporia company had purchased from the American company. The account

embraced numerous items of debit and credit, extending from September 2, 1905, to April 15, 1908, and the balance claimed to be due was $1293.18. The supplies purchased were selective telephones, said to be ordinary telephones with a selective attachment by which a person on a party line could be called from the central office without ringing the bell of any other person on that party line, and such persons could talk with central or other persons without ringing their bells or disturbing anyone else on the line. The Emporia company alleged and contended that the supplies were sold under a warranty to work satisfactorily on the selective plan mentioned, but that they in fact did not, and that the American company had tried unsuccessfully to correct the defects in the selective attachments and the attachments were therefore worthless. On the trial of the case, which was without a jury, the American company recovered $1192.21, and the Emporia company appeals.

There is little reason to complain of the result. Attached to the first order of appellant for supplies was a memorandum, signed by its manager, that "this equipment to be installed at the expense of the American Electric Telephone Company, on sixty days' approval. If, at the expiration of sixty days, the equipment fails to give efficient service, the same can be returned, but if the service should prove efficient we agree to accept and pay for the same as above." Long after the purchase of the telephones there were some complaints made by appellant that they did not work well, but none of them was ever returned to appellee. Instead of returning them appellant sent eleven additional orders for telephones of the same kind, and these orders were sent from time to time during a period of fourteen months after the first lot had been received and installed.

There is no room for a contention, and in fact appel-

5—83 KAN.

lant makes no contention, that the memorandum of
itself contained an express warranty as to quality or
character.    Even if there had been a warranty, the
sale, according to the memorandum, was conditional,
or upon approval after sixty days' trial.    If at the ex-
piration of that time it was found that the equipment
did not give efficient service it could be returned, and.
ir not returned the sale became complete and  irrev-
ocable.    None of the telephones was returned within
sixty days, or at a later time.    More than one year
afterward  additional  orders  were  given,  payments.
were made without complaint of the equipment, and in
correspondence it was stated that appellant intended
to pay for all the equipment purchased.    Under testi-
mony of this character the finding of the court that.
appellant was bound to pay for the telephones pur-
chased and retained should occasion no surprise.

It is contended, however, that there was an implied
warranty that the equipment was adapted to the spe-
cial purposes for which it was purchased, and that this.
had been broken.    The appellee was a manufacturer,
but the sales were not made by sample nor were the
telephones manufactured specially for appellant.    On
the other hand, they appear to have been made in the
ordinary course of business of the appellee, for the
general trade, and under our decisions the sale did not.
carry an implied warranty that the articles sold should'
meet the purposes or expectation of the buyer.    (*Lukens*
*v. Freiund,* 27 Kan. 664; *Ehrsam v. Brown,* 76 Kan.
206.)

There was some conflict in the evidence as to the.
time when complaints were made of the telephones.
purchased, but under the testimony the court was well
warranted in holding that the objections to the tele-
phones were not made in a reasonable time, and, as we
have seen, appellant never returned or offered to re-
turn the telephones purchased.    The retention of the

telephones under the circumstances justified the court
in holding that appellant was bound to pay for them
at the stipulated price.

The judgment is affirmed.