No. 20,877.

THE MOREHEAD MANUFACTURING COMPANY, *Appellant*, v. THE WESTERN STRAW PRODUCTS COMPANY and THE HUTCHINSON BOX-BOARD & PAPER COMPANY, *Appellees*.

### SYLLABUS BY THE COURT.

SALE—*Vacuum Trap—Defective—Failure to Return—Seller's Right of Recovery*. The plaintiff sold a vacuum trap, "to be returned to us at our expense at the end of sixty days from date of invoice if it does not do its work properly, if installed as per our directions." Complaint of its failure to work was made within the sixty days, and for several months the plaintiff intended and attempted—but unsuccessfully—to make the trap work properly, thus in effect waiving return within the specified time. *Held*, that the plaintiff is not entitled to recover.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed May 12, 1917. Affirmed.

*J. S. Simmons,* and *K. K. Simmons,* both of Hutchinson, for the appellant.

*C. M. Williams,* and *D. C. Martindell,* both of Hutchinson, for the appellees.

The opinion of the court was delivered by

WEST, J.: The Western Straw Products Company bought of the plaintiff a vacuum trap, the contract reciting that the price, $450, was to be paid "60 days net from date of invoice, or 2 per cent for cash ten days from date of invoice. Machine to be returned to us at our expense at the end of sixty days from date of invoice if it does not do the work properly, if installed as per our directions." The shipment was made March 27, 1913. This action was brought to recover the purchase price. The plaintiff failed and appeals.

Its position is that the trap was sold on approval and that when the purchaser let the sixty days go by without returning it the purchase price became due, relying on *Filter Co. v. Bottling Co.,* 89 Kan. 645, 132 Pac. 180. From the abstract, findings and transcript, however, it appears that on May 5, which was well within the sixty days, the defendant wrote the plaintiff of trouble in the operation of the machine and requested certain instructions or recommendations. On May 9 the defendant's secretary wrote the plaintiff that the machine had failed to perform its duties. On the 12th the plaintiff wrote acknowledging receipt of the letters of the 5th and 9th and stating that the plaintiff was awaiting the receipt of certain information. Early in June a representative of the plaintiff called and examined the trap and claimed to have put it in workable condition. The defendant's manager testified that after this visit the trap did not work successfully, that the directions as to installing the machinery and using certain weights were carried out, but that the trap got so ineffective that the machine could hardly be run at all. The court found that the purchaser put in certain valves as directed and that the trap's failure to work was not due to the failure of the defendant to follow the instructions of the plaintiff in the installation; that as late as November 5, the plaintiff was still giving directions as to how to make the trap work properly, and that up to that time it was the purpose and intention of the plaintiff to continue efforts to make it work properly, but that it did not work properly as warranted.

In the Filter Company case a filter was shipped with the understanding that it was to be returned within thirty-five days if the results obtained were not satisfactory. Within a few days after it was received the purchaser wrote that it was found upon examination not to be adapted to the purchaser's needs but that he would try to find a way in which it could be used, and if successful would give the machine a trial. Plaintiff immediately wrote suggesting a certain sort of connection to be used and heard nothing further until more than sixty days after the shipment, when the defendant wrote that the filter was held subject to the plaintiff's order. It was said in the opinion that—

"The question of a reasonable time in which to test the filter is therefore taken out of the case by the express contract of the parties, which

fixed the time when the sale was to become absolute if the filter had not been returned." (p. 650.)

Here the court expressly found that time was not the essence of the contract and that the defendant did not waive its rights under the warranty on account of not returning the machine "owing to the correspondence and negotiations that were taking place between the parties." Indeed it is difficult to see how the plaintiff could stand on the letter of a sixty-day contract and its right to the return of the trap within the time specified after having kept up a correspondence with the purchaser through several months showing an intent on its part not to rely on the question of time but to cause the trap to work and thereby become entitled to the purchase price. The facts bring the case somewhat in line with *Implement Co. v. Haley*, 77 Kan. 72, 93 Pac. 579, and *Hull v. Manufacturing Co.*, 92 Kan. 538, 141 Pac. 592. (See, also, *Crabtree v. Potts*, 108 Ill. App. 627; *Phelps v. Whitaker*, 37 Mich. 72; Mechem on Sales, § 657 to § 661; *Telephone Co. v. Telephone Co.*, 83 Kan. 64, 109 Pac. 780.)

"The effect of the use of the article may, however, be modified by the circumstances surrounding such use, as where the use is for the purpose of trial, especially when the seller represents that the machine on trial can and will be made to work properly." (35 Cyc. 259.)

Counsel say:

"There is no evidence in the whole transaction under consideration to indicate that this was anything but a sale upon approval."

Their theory that at the expiration of the sixty days' time the sale became absolute would doubtless be true had there been no further negotiations or recognition of the inability of the machine to do its work or attempt or intention to make it work satisfactorily, but in view of these elements which entered into the transaction the conclusion of law found by the trial court is correct.

In all these questions of sale an essential element is the passing of the title. In a bargain on sale and return the title passes subject to being divested on ascertaining that the thing sold is not up to the contract quality. A sale on approval means that the title will pass when the thing bought is approved by the buyer. In this case the title was expressly retained by the seller, and the language, "Machine to be re-

turned'to us at our expense at the end of sixty days . . . if it does not do the work properly, if installed as per our directions," is the same in effect as an express warranty that upon being so installed it would do the work properly.

When the sixty days' time was up the defendant claimed and the court finds that the trap had not done its work properly, that the seller had been notified to that effect and was attempting to make the machine work as it should, which attempt and intent continued for a long time thereafter. The plaintiff was notified that the trap was subject to its order, no claim thereto being made by the defendant.

It is but natural that the seller of a machine, instead of relying upon the letter of his contract as to time, should prefer, as the plaintiff seems to have done, to waive the element of time and try to satisfy his customer before seeking to hold him for the purchase price.

The plaintiff having attempted and failed in this case to make the trap work, no just complaint can arise because it was not paid for.

The judgment is affirmed.