No. 23,719

N. C. VANDERMARK and MRS. N. C. VANDERMARK, *Appellees*, v. THE KANSAS MOLINE PLOW COMPANY, *Appellant*. (THE STATE BANK OF PARSONS, *Appellee*.)

SYLLABUS BY THE COURT.

1. SALE—*Purchase of Farm Tractor—Failure to Fulfill Warranty—Rescission —Recovery of Purchase Price*.  Where V. purchased from the K. company a farm tractor, it being warranted to be well made, of good materials, and that it would do good and serviceable work, and where the purchaser was unable, because of defects, to operate it, and defendant and its agents made various unsuccessful attempts to put the tractor in condition to operate, the purchaser was entitled to recover back the purchase price of the tractor.

2. SAME—*Evidence Supports Special Findings and Judgment*.  The record examined, and found that the testimony was sufficient to sustain the general verdict and special findings of the jury; that, under the evidence, no tender of the tractor at Moline, Ill., was necessary, and that the court properly instructed the jury.

Appeal from Labette district court; ELMER C. CLARK, judge.  Opinion filed July 7, 1923.  Affirmed.

*E. L. Burton, Paul MacCaskill,* both of Parsons, *Clifford Histed,* and *James H. Harkless,* both of Kansas City, Mo., for the appellant.

*Archie D. Neale,* of Chetopa, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.   The action was to recover the price of a tractor alleged by the plaintiffs to have been purchased from the defendant, the Kansas Moline Plow Company.   Judgment was for plaintiffs, and defendant appeals.

Plaintiffs alleged, in substance, that in June 1918 they purchased from defendant, through its agents, C. E. Page and the Bond Motor Company, a Moline Universal tractor, model "D" at the agreed price of $1,590.80, one-half paid in cash and balance in a note; that at the time of the purchase of the tractor, the plaintiffs signed a written order directed to the defendant which contained, among other things, this provision:

"The Moline Universal Tractor is guaranteed to be well made and of good material and if properly operated, will perform the work for which it is designed by the manufacturer, and sold in accordance with the printed guaranty which is made a part of this contract and printed on the reverse side of this sheet."

That, after the purchase, plaintiffs attempted to use the tractor on their farm but that the bearings burned out, the tractor refused to work, and plaintiffs were unable to do any further work with it; that plaintiffs notified the agents of the defendant and that certain men were sent in an endeavor to make said tractor work; that new parts were repeatedly ordered and placed on the tractor but that the tractor refused to do the work for which it was purchased; that after various unsuccessful efforts of the agents of defendant to put the tractor in condition to work, they requested plaintiffs to give them further opportunity to make the tractor work until about the month of February, 1920, at which time plaintiffs notified agents of defendant that they were through with the tractor and desired defendants to take possession of it and repay plaintiffs the amount they had paid and agreed to pay for the tractor.

Plaintiffs prayed judgment for the return of the money paid for the tractor, for the extra parts that had been ordered and for a cancellation of the note executed by plaintiffs as part payment for the tractor.   The defendant filed a general denial and verified denial of the agency.

The defendant contends that the Bond Motor Company was not its agent; that there was no competent testimony that the tractor was wholly defective; that there was no tender of the tractor, as required by the written guaranty, and that the court erroneously instructed the jury. It would serve no useful purpose to set out the evidence in detail. It was ample to support the general verdict and special questions which were answered by the jury. The special questions and answers were as follows:

"1. Do you find from the evidence that plaintiffs purchased the tractor in question from the Kansas Moline Plow Company or from O. H. Bond Motor Company? A. Kansas Moline Plow Company.

"2. Prior to the sale of this tractor to plaintiffs had the O. H. Bond Motor Company paid for, and were they the owners of the tractor in question? A. No.

"3. Did C. E. Paige have any contract or agreement with the defendant Kansas Moline Plow Company authorizing him to act as its agent? A. Yes.

4. Do you find from the evidence that the tractor in question was capable of doing good and serviceable work? A. No.

"5. If you answer question No. 3 in the negative, state why and in what way said tractor failed to do good and serviceable [work]? A.—.

"6. Do you find from the evidence that said tractor was defective, and if so, state what part of said tractor was defective, and when said defect became manifest? A. Yes, oiling system defective June, 1918, gear shift defective August, 1918, crank shaft out of round February, 1919, connecting rod burning out often during entire operation.

"7. If your answer to question 5 is that said tractor was defective do you find from the evidence that plaintiffs returned said defective part or parts to the factory of the Moline Plow Company at Moline, Ill, in accordance with the conditions of the warranty? A. Were returned to agent of Kansas Moline Plow Company.

"8. Do you find that plaintiff N. C. Vandermark was a person competent to operate said tractor? A. Yes.

"9. Do you find from the evidence that plaintiff N. C. Vandermark operated and cared for said tractor according to the instructions contained in the book of instructions furnished with said tractor? A. Yes."

It will be noted that the jury found that Paige was the authorized agent of defendant; also that the Bond Motor Company was not the owner of the tractor at the time of its purchase by plaintiffs. The order of purchase was directed to the Kansas Moline Plow Company. When plaintiffs attempted to use the tractor and it failed to work, the Bond Motor Company and the defendant responded to the demands of plaintiffs and appeared to make every possible effort to put the tractor in a workable condition. A contract was intro-

duced which designated the Bond Motor Company as a dealer, but its terms showed plainly that it was the agent of the defendant. Another contract between the Bond Motor Company and the defendant, which appears to have been called to the attention of the court, does not appear in the record. We are, therefore, unable to interpret its terms. All the circumstances, when considered together, support the findings of the jury on the question of agency and the defects in the tractor.

The defendant contends that there was no delivery or tender of the tractor at Moline, Ill. The tractor was purchased from the Kansas Moline Plow Company of Kansas City, Mo. It is apparent from the contract between the defendant and the Bond Motor Company, that the defendant had warehouses and a plant at Moline, Ill. A return of the defective parts to the agents of the defendant, and a tender of the tractor to the defendant's agents, was, under all the circumstances of the case, a sufficient compliance with the terms of the contract. The attempts of the defendants and its agents to remedy the defects in the tractor were a recognition of the defects. It was stated by defendants' agents that they would not accept a return of the tractor, from which it is apparent that any further tender at Kansas City or Moline by plaintiffs would have been a useless effort. (*Hull v. Manufacturing* Co., 92 Kan. 538, 141 Pac. 592; *Implement Co. v. Haley*, 77 Kan. 72, 93 Pac. 579.)

The defendant complains of the following instruction:

"And I may say to you, that it was incumbent upon the plaintiffs before they had a right to maintain this action after the defendant had failed to make the tractor come up to the terms of the warranty to either return or offer to return possession of the tractor to the defendant, The Kansas Moline Plow Company, but you are instructed that if the plaintiffs, before the institution of this action, tendered possession of the tractor back to O. H. Bond Motor Company as the agent of the defendant, The Kansas Moline Plow Company, or if they offered to surrender possession to said O. H. Bond Motor Company as such agent, and said O. H. Bond Motor Company then and there advised plaintiffs that the defendant would not receive such tractor, then and in that event it was not necessary that they should acually tender the tractor back, and for the reason that it was and would be futile and useless to make a tender when plaintiffs had already been informed that it would not be received, and plaintiffs would be entitled to maintain their action under these facts without having made the tender. But, if you shall find and believe from the evidence that plaintiffs neither tendered nor offered to surrender the possession of the tractor to O. H. Bond Motor Company as agent of defendant prior to the institution of this action then the plaintiffs cannot recover and your verdict must be for the defendant."

The instruction, when considered in connection with the pleadings, evidence and the other instructions of the court, cannot be said to have been improper.

The judgment is affirmed.