No. 25,367.

Louis J. Masopust, doing business under the name of Masopust Brothers, *Appellant,* v. A. J. Hopkins, *Appellee.*

SYLLABUS BY THE COURT.

Replevin—*Sale of Tractor—Purchase-money Lien—Breach of Warranty—Evidence—Judgment Affirmed.* In a replevin action, where the seller of a tractor sought its possession under a purchase-money lien, and the buyer on the ground of a breach of warranty asked a return of what he had paid for it, it is held that upon the entire record no sufficient basis is shown for the reversal or modification of a judgment under which the plaintiff was awarded possession and the defendant recovered the amount of his payments.

Appeal from Ellsworth district court; Dallas Grover, judge. Opinion filed January 10, 1925. Affirmed.

C. W. Burch, B. I. Litowich, and La Rue Royce, all of Salina, for the appellant.
Samuel E. Bartlett, of Ellsworth, for the appellee.

The opinion of the court was delivered by

MASON, J.: In July, 1920, Louis J. Masopust sold a tractor to A. J. Hopkins, receiving in payment a steam engine valued at $2,000, $1,040 in cash, and a note for $1,800, which was secured by a mortgage on the tractor and other property. He brought this action in replevin for the tractor, claiming title by a sale under the mortgage. The defendant in his answer, in addition to a general denial, alleged that an oral warranty had been given and broken, on account of which he claimed damages. Judgment was rendered in favor of the plaintiff for the possession of the tractor, and in favor of the defendant for the recovery of the price of the tractor (including the $2,000 allowed for the engine) and the freight he had paid. The plaintiff appeals from the money judgment against him and the defendant asks that as security for its payment he be given a lien on the tractor.

The plaintiff suggests that the allegations concerning the breach of warranty were not properly matters of counterclaim. A counterclaim may consist of a demand arising out of the transaction set out as the foundation of the plaintiff's claim, or connected with the subject of the action (R. S. 60-711), and may be interposed in replevin. (34 Cyc. 661, 1417; 23 R. C. L. 924.) Moreover, no objection on this ground appears to have been made in the district court.

The plaintiff especially urges a reversal because the trial court gave no instructions on the measure of damages. The defendant in his answer asked damages, which were not allowed, for being deprived of the use of his threshing machine in 1920 and 1921; and also for what he had paid for the tractor and freight, amounting to $3,282.50, which were allowed. Therefore if the defendant was entitled to recover what he had parted with to get the tractor, the omission of the trial court to instruct as to the measure of his damages cannot have been prejudicial.

By a liberal construction, and in the light of the evidence and findings, the answer may be regarded as asserting a right to have the contract of sale rescinded for a breach of warranty and to recover the payments made upon it. Some courts hold that rescission upon the ground of a breach of warranty, unaccompanied by fraud, should not be allowed, but the weight of authority is to the contrary (1 Black on Rescission and Cancellation, § 185; 2 Williston on Sales, 2d ed., §§ 608, 608a), and this court is committed to the latter view.

(*Implement Co. v. Willhite,* 102 Kan. 56, 169 Pac. 549; *Vandermark v. Plow Co.,* 114 Kan. 6, 216 Pac. 829.)   There was evidence that in March, 1921, the defendant told the plaintiff that the tractor wouldn't work and he would just have to take it.   The answer set out and the reply admitted that on July 15, 1921, the defendant served a written notice upon the plaintiff stating that the tractor did not conform to the warranty, and demanding a return of the money and notes given for it.   The defendant used the tractor after that time, but there was evidence that this was done in consequence of a statement of the plaintiff that he would have a man out to fix the tractor so that the objection to it would be met.

The defendant testified that there was an oral warranty that the tractor had power enough to pull his separator—to operate it to advantage.   This the plaintiff denied.   The verdict for a recovery of money and the answers to special questions clearly imply a finding against the plaintiff on this issue.   The defendant also testified that the tractor could not pull the separator, and for this reason was of no value to him and caused him actual loss by preventing the use of his separator.   The principal controversy grew out of the plaintiff's contention that any failure of the tractor to furnish sufficient power was due to the use of too small a pulley at the separator end of the drive belt, causing too rapid a revolution of the cylinder.   On this issue the plaintiff's evidence was that the pulley should have been 15.9 inches in diameter; that in fact it was but 14 inches, including the lagging, resulting in about 960 revolutions of the cylinder a minute, when there should have been but 850.   The defendant introduced evidence to the effect that he used the largest pulley he could get, which was 14 inches in diameter, and increased this to 15 inches by lagging, resulting in 900 revolutions of the cylinder, and that the makers of the separator recommended 850 to 900 revolutions.   The jury found specifically that the pulley used was of the proper size; that the size required was 14½ to 15 inches (which would give 900 to 932 revolutions), and that the proper number of revolutions was 850 to 950.   The disputed facts out of which the controversy grew, including the questions regarding the warranty and the way in which the machinery required to be operated and the way in which it was operated, were thus resolved in favor of the defendant and against the plaintiff upon sufficient evidence, and must be regarded as settled by the decision of the jury, with the approval of the trial court, unaffected by any irregularities that may have

Drainage District v. Wyandotte County *et al.*

characterized the proceedings. It follows that the plaintiff's request for a reversal should be denied.

The claim of the defendant that the judgment should be modified by giving him a lien on the tractor for the amount of his judgment is likewise unavailing. There is a difference of judicial opinion as to when, if ever, upon the rescission of a contract of sale for fraud or breach of warranty, the buyer should have a lien on the property for what he has paid. (See notes, 7 A. L. R. 993; 2 Williston on Sales, 2d ed., § 649; *Dry Goods Co. v. Scott Mfg. Co.*, 258 S. W. 203.) That question need not be here decided. The special findings do not show affirmatively that the defendant made a claim of a lien, and the general verdict awarding possession to the plaintiff may be regarded as implying a finding to the contrary.

The judgment is affirmed.

BURCH, J., not sitting.