No. 27,303.

J. H. MEYER, *Appellee*, v. WILLIAM DAMBACHER, *Appellant.*

SYLLABUS BY THE COURT.

SALES—*Warranties—Waiver by Failure to Notify Within Stipulated Time.* In an action to recover on promissory notes given in renewal of earlier monetary obligations under a written contract of purchase and exchange between plaintiff and defendant concerning a farm tractor, the defense that the tractor did not conform to the vendor's warranty in quality of materials, rated horsepower and serviceability, considered, and held unavailing where the purchaser retained and used the tractor for two years and three months and where the written contract of the parties provided that the use of the tractor for more than five days, or the continued retention of the possession, should be considered as an unconditional acceptance or a fulfillment or waiver of all the warranties of the seller.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed May 7, 1927. Affirmed.

*S. H. Piper, Thurman Hill* and *Charles D. Shukers,* all of Independence, for the appellant.

*Charles D. Welch,* of Coffeyville, and *Chester Stevens,* of Independence, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action to recover on two promissory notes for $500 and $1,350 dated December 5, 1923, and due April 1 and July 1, 1924, respectively.

The defense was that the notes were renewals of defendant's earlier obligations given as the balance of the purchase price of a farm tractor which defendant had received from plaintiff, and that the tractor was defective in various particulars in breach of warranty—its constituent materials, its rated horsepower and its serviceability, whereby the consideration for the notes failed.

In plaintiff's reply he set up a copy of the written contract under which the tractor was purchased by defendant, one of the terms of which was that the purchaser bound himself to give the tractor a fair trial as soon as possible after receiving it, and within three days after its first use, if it then failed to work well, to give the seller written notice within three days thereafter, and if the seller

Sales, 35 Cyc. p. 432 n. 38; 36 L. R. A. n. s. 468; 23 R. C. L. 1437.

Meyer v. Dambacher.

should then fail to remedy the defects of the tractor and make it conform to the warranty within a reasonable time, the purchaser should have five days in which to keep or return the tractor, and if he should desire to return it he should give the seller written notice to that effect and tender back the tractor at the place it was delivered to him, and request the refund of the purchase price. The contract further provided that a failure by the purchaser to give the stipulated notices, or his use of the tractor for more than five days, or his continued retention of possession of the tractor "shall be considered an unconditional acceptance and a fulfillment or waiver of all the warranties of the seller."

Plaintiff's reply also alleged that defendant had failed to take advantage of any of the privileges thus accorded him by the terms of the contract of purchase, and defendant's liability on the notes was therefore absolute.

The controlling facts established by the evidence without dispute were to this effect: In May, 1922, plaintiff sold and delivered to defendant a new tractor valued at $1,750, and accepted as part payment therefor a used tractor valued at $350. In satisfaction of the balance due on the purchase price of the tractor plaintiff subscribed· to a contract covering the warranties of the plaintiff seller and defining the obligations and privileges of the defendant purchaser, and bound the latter to pay 40 per cent of the purchase price on October 1, 1922, and the remainder on October 1, 1923.

Defendant experienced a good deal of trouble with the tractor during the threshing, plowing and farming seasons of 1922 and 1923, and made many calls on plaintiff for help in adjusting the tractor, and to these calls plaintiff always gave response. In 1922 defendant used the tractor in operating a separator while he threshed his own grain and the grain of a dozen other farmers, and in pulling the separator (weighing 7,000 pounds) from job to job. The same year he plowed 70 acres with the tractor and disked and harrowed 160 acres, pulling a disk, a harrow and a roller in one operation. In 1923, he used the tractor in threshing for a number of farmers 6,000 or 6,500 bushels of grain, and did considerable plowing, disking and harrowing with it.

With respect to the renewal notes sued in this action, defendant testified:

"Q. In 1923 you say you came and renewed these notes? A. Yes, sir. . . .
"Q. Did you have the money to pay them off yourself? A. No, sir.

"Q. Were they due? A. Yes, sir. . . .

"Q. You say you told Mr. Meyer [plaintiff] that you would like to renew them; that you didn't have enough money to pay them? A. I told him I would renew them if he would make this tractor go.

"Q. You told him you didn't have enough money to pay them, didn't you? A. Yes, sir."

The evidence of defendant and other witnesses testifying in his behalf also showed that at various times before and after the execution of the renewal notes, defendant, on his own responsibility and without the consent of plaintiff, hired or procured the services of one or two mechanics and also the services of a blacksmith to work on the tractor. One of these drilled holes in the manifold, and put in new rings, new pistons and new valves. Defendant also changed the magneto a number of times.

In August, 1924, some two years and three months after it had been delivered to him, defendant decided he would not keep or pay for the tractor. He testified:

"I told him I came over to tell him he could do what he pleased with the tractor, that I was done with it. He said it never did run right. . . . We talked a few minutes. . . . I told him he could do whatever he pleased with this old tractor and separator. He said he would not take it, he would collect the notes.

"While I was trying to make this tractor run, I bought sixty-two plugs from Buckles, John Lippy, Meyer and the Independent Motor Company."

When the case was called for trial, defendant assumed the burden and at the conclusion of the evidence in his behalf plaintiff's demurrer thereto was sustained and judgment was entered accordingly.

Defendant assigns error on the court's ruling on the demurrer and the incidents thereto. His argument is that the tractor never conformed to the vendor's warranty in that it was not made of good materials, did not have the rated horsepower of 15-30 h. p., and never did do good work. The plaintiff's demurrer to the evidence conceded the truth of this evidence; but defendant wholly ignores the other features of the contract of purchase, particularly the one which provided that after defendant had given the tractor a three-days' trial, if it failed to work well, he should notify the vendor and give him a reasonable opportunity to put it in good working order, and if thereafter the tractor still failed to work satisfactorily the defendant should have five days—not two years and three months—

in which to decide whether he would keep it or return it, and if he decided to return it he was required by his contract to notify the vendor in writing of his decision, tender back the tractor and request a refund of the purchase price. Defendant also ignores another provision of this contract, which reads:

"Failure to give such notice or use of the tractor for more than five days, or continued retention of possession shall be considered unconditional acceptance and a fulfillment or waiver of all warranties by the seller."

This situation leaves nothing to discuss. Long before the renewal notes were executed, defendant's liability for the purchase price of the tractor had become absolute. His self-serving testimony, "I told him [plaintiff] I would renew them [the original contract of purchase obligations] if he would make this tractor go," did not suffice to reduce his absolute liability to a conditional one. The renewal notes contained no such condition, and in the absence of fraud or mistake pleaded and proved their binding force cannot be weakened by parol evidence at variance with their unqualified written terms. (*Macksville State Bank v. Ehrlich*, 119 Kan. 796, 802, 803, 241 Pac. 462; syl. ¶ 5.) Defendant suggests that this case is like that of *Vandemark v. Plow Co.*, 114 Kan. 6, 216 Pac. 829, but only in superficial aspects is there any similarity between them. In the Vandemark case the purchasers did not bind themselves to decide within five days whether they would keep or return the tractor after its defects were disclosed and after the vendor had tried and failed to correct them. Moreover, in the Vandemark case the purchasers did not bind themselves in writing that their use of the tractors for more than five days, or their continued retention of its possession, should have the effect of an unconditional acceptance of it and a fulfillment or waiver of all the warranties of the seller.

The record contains no error and the judgment is affirmed.