No. 35,020

BRANDTJEN & KLUGE, INC., *Appellant,* v. J. N. LUCAS, doing business as LUCAS BROTHERS COMPANY, *Appellee.*

(109 P. 2d 197)

Opinion filed January 25, 1941.

*Patrick W. Croker, George H. West, Tudor M. Nellor,* all of Kansas City, *Robert M. Coleman* and *W. Raleigh Gough,* both of Kansas City, Mo., for the appellant.

*Alan W. Farley,* of Kansas City, for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action in replevin to recover possession of certain mortgaged printing presses and equipment. The defendant recovered on a cross petition and the plaintiff appeals.

Under date of October 5, 1937, defendant Lucas purchased from the plaintiff company a Kluge automatic printing press and certain equipment at a total price of $2,438.60 to be paid by plaintiff's taking in a used press at $140, the balance to be paid in sixty monthly installments evidenced by a note. The terms of the contract need not be noticed particularly, further than the automatic press was guaranteed to have accurate register—that is, that the automatic press and feed devices would so deposit the paper or stock to be printed upon that a sheet would take the same place in the press that, if it were repeatedly reinserted by the automatic feeder, the impression would be exactly superimposed upon the impression already made. The note above mentioned was secured by a chattel mortgage covering the automatic press and equipment sold as well as another press belonging to the defendant. Between November 30, 1937, and March 10, 1939, defendant paid plaintiff the sum of $533.43 on the above note.

The petition filed June 5, 1939, alleged the execution and delivery of the note and chattel mortgage and default by defendant and that plaintiff was entitled to the immediate possession of the mortgaged property and the prayer was for such possession, or failing possession for the value alleged to be $1,765.17. A proper affidavit and bond was given and plaintiff recovered possession. No redelivery bond was given.

Defendant filed an answer admitting execution of the note and chattel mortgage and a cross petition in which he may be said to have sought recovery of the amount alleged to have been paid by him, $575.80, also the value of the press turned in by him as part of the purchase price at $140, and the value of the second press covered by the chattel mortgage and taken under replevin, the value being

alleged to be $150. Defendant sought also to recover damages sustained by reason of the failure of warranties on the automatic press.

Plaintiff filed a motion to require defendant to elect whether he sought recovery of moneys on the theory of rescission or damages on the theory of breach of warranty of the contract, and this motion being sustained, thereafter defendant filed an amended answer and cross petition which omitted all reference to damages. This pleading was not attacked in any manner. Plaintiff filed its reply denying the new matter and praying for judgment according to its petition and that defendant take nothing by his cross petition.

At the trial, and after defendant had made his opening statement, plaintiff moved for judgment because defendant's answer and cross petition was not verified and because facts sufficient to constitute a defense or a valid counterclaim were not stated. This motion was denied and the trial proceeded. At the conclusion of defendant's evidence, plaintiff moved for a directed verdict, which motion was denied. At the close of its evidence in rebuttal plaintiff made another similar motion, which was denied. Thereafter the cause was submitted to a jury which found in favor of the defendant on his counterclaim for the sum of $533.43, and in addition he was entitled to have restored to him the press taken in at the value of $140, and the mortgaged press taken in replevin, the value being fixed at $150, or in lieu the said amounts. The jury also answered special questions. By the answers the jury found there was a breach of warranty of the press, the defect being unknown; that the press did not register accurately, the exact cause being unknown, the testimony indicating a defective machine; that defendant first learned of the defect on or before December 20, 1937, and offered to return the press. In answer to a question as to when and how the defendant offered to return the press, the jury answered:

"The letter of April 4, 1939, for removal of machine, agreeing the contents therein, of a letter dated Jan. 26, 1938. Letter not admitted but service rendered on press. They acknowledge the letter of Jan. 26, 1938, for removal of the press by sending a service man March 2, 1938, without any further request, for a service man previous to that time and also by letter of April 4, 1939, asking removal of machine and return of money paid on contract for purchase of press."

And it further answered that such offer to return was made as soon as was reasonably possible after defendant had discovered the defects and that he could not operate the press satisfactorily.

Plaintiff's motions for judgment *non obstante veredicto* and for a

new trial were denied and it appeals, its specifications of error covering five propositions discussed in its brief, which we consider in the order presented.

Appellant contends that the defendant kept and used the press for sixteen months after he knew of its defective condition, continued to make payments thereon and otherwise recognized validity of the contract of purchase, and that such conduct was inconsistent with a rescission of the contract and precludes him from pursuing any remedy based on rescission of the contract. To support its argument appellant directs our attention to evidence that appellee discovered as early as December 20, 1937, the press was defective, but he continued to use it getting unfavorable results until about March, 1939; that he continued to make payments and that he never gave plaintiff an unconditional and unequivocal notice of rescission until April 4, 1939, that notice being revoked by a later alternative demand that appellant fix the press or take it away, and that when the present action was instituted appellee filed a cross petition based both upon rescission and affirmance and only elected to stand upon rescission when compelled to do so by action of the court. If those were all of the facts, it would not be difficult to apply the rule that where a purchaser of personal property desires to rescind the contract by reason of a failure of warranty, he must within a reasonable time and as a condition precedent to rescission return or offer to return the purchased property, and where with knowledge of the defect he retains possession and uses the machinery, he waives his right to rescind. (See *Cookingham v. Dusa,* 41 Kan. 229, 21 Pac. 95; *Manufacturing Co. v. Moore,* 46 Kan. 324, 326, 26 Pac. 703; *Hay Press Co. v. Ward,* 89 Kan. 218, 131 Pac. 595; *Sylvester v. Lynde,* 113 Kan. 450, 454, 215 Pac. 305; *Cleaves v. Thompson,* 122 Kan. 43, 251 Pac. 429, and cases and other authorities cited therein.) However, there was other evidence which the jury evidently believed and which may not be ignored. The press was set up October 22, 1937, and thereafter appellee attempted to use it. He testified that representatives of the plaintiff called on him about every three weeks and he told each of them the press would not register accurately. On January 26, 1938, he wrote the appellant a letter stating the press would not register and that he was ruining stock with it and that the press was a liability as it was, and must be made usable, otherwise he would replace it. Thereafter two officials of appellant called on him and said they would send a man to fix it. This man came,

did some work on the press and left. The trouble had not been rectified. Thereafter there was considerable correspondence, appellant endeavoring to get appellee to pay installments on the contract price and making suggestions as to operating the press and appellee complaining of performance. In addition to other representatives or salesmen of appellant calling on appellee, on at least two more occasions, mechanics from appellant's St. Louis office called and made various adjustments of the press. Finally, on April 4, 1939, appellee wrote appellant asking the press be removed, appellant acknowledged receipt of that letter, suggesting the trouble might be incompetence of the operator but that it had instructed its St. Louis office to check the machine, and asking that in the meantime appellee continue his payments. Appellee answered that letter that the press must perform or it must be taken out. Other correspondence need not be noted. There was evidence from which the jury could infer the press was kept and tried repeatedly because of representations that it could and would be made to perform under the warranty. Whether under all of the circumstances the purchaser retained possession an unreasonable time, and whether he waited too long to rescind, were questions of fact for the jury. (See *Implement Co. v. Haley,* 77 Kan. 72, 93 Pac. 579; *Hull v. Manufacturing Co.,* 92 Kan. 538, 141 Pac. 592; *Manufacturing Co. v. Products Co.,* 100 Kan. 579, 164 Pac. 1082; *Vandermark v. Plow Co.,* 114 Kan. 6, 216 Pac. 829; *Wilson v. Doolittle,* 114 Kan. 582, 220 Pac. 508, and cases cited therein.)

Appellant contends further that because the answer and cross petition were not verified and because they failed to state facts sufficient to constitute a defense or valid counterclaim, no defense was presented. The first part of the contention is predicated on the second sentence of G. S. 1935, 60-729, that in actions founded on a written instrument for the unconditional payment of money, the answer must be verified. It is to be observed the present action was not one for money but for the possession of personal property, the only usual purpose in pleading the note and chattel mortgage being to show appellant's special ownership as a basis for maintaining the action. Appellant relies on *Niebauer v. Bivins,* 149 Kan. 260, 87 P. 2d 619, but while that action was commenced as one in replevin, it was expanded as one to recover on a redelivery bond, which was an action for the recovery of money. But assuming that a verification was necessary, the following must be considered. When the answer

and cross petition was filed, appellant did not challenge sufficiency either by demurrer or motion, it pleaded over by filing a reply denying the new matter and renewing the prayer of its petition. By pleading over, appellant waived lack of verification. (See *Emery v. Bennett,* 97 Kan. 490, 155 Pac. 1075, and *Greensburg Production Credit Ass'n v. Buckner,* 152 Kan. 398, 103 P. 2d 881.) Appellant cites two cases: *Smith v. Jones,* 145 Kan. 892, 67 P. 2d 506, and *Christy v. Kinsinger,* 149 Kan. 437, 87 P. 2d 615, both of which it contends support its claim. Both may be distinguished. In the Smith case, the reply filed contained a challenge of sufficiency of the answer to constitute a defense. In the Christy case, while a reply had been filed, the parties stipulated plaintiff might withdraw his reply so that a motion for judgment could be ruled on, it being said:

"Had the defendant not stipulated and expressly agreed to have plaintiff's reply withdrawn for the purpose of obtaining a ruling on the motions for judgment on the pleadings, we might be confronted with the question of whether the plaintiff had waived the lack of verification by filing a reply. The defendant does not argue the question of waiver and indeed could not well do so in view of his express agreement the reply should not be considered in passing on the motions." (p. 441.)

On the question of sufficiency of allegations, appellant's contention is there was no allegation of a tender or offer to return the Kluge press. That may be conceded. Appellee states, however, that this particular question was never raised in the trial court and the record as abstracted does not disclose anything to the contrary. At the time the answer and cross petition was filed, the Kluge press was in appellant's possession. At the trial, the proof was ample to show an offer to return. Had the question been timely raised, appellee would have had an opportunity to amend. The present complaint comes too late.

Appellant's next contention is that the verdict and judgment in favor of appellee finds no support in the pleadings. This contention is that it was incumbent on appellee to plead as a defense in his answer his right to recover for the press turned in and for the press taken under replevin; and that the allegations of his cross petition are not sufficient. We can discern from the record that appellant objected the answer and cross petition was not sufficient because not verified, but we cannot discern where the question presently discussed was even mentioned. Under G. S. 1935, 60-1010, a defendant claiming a right to the return of replevined property may have judg-

ment in his favor, but that does not necessarily mean he must plead his claimed right by answer and that he may not do so by cross petition. The code of civil procedure recognizes right to relief under a counterclaim (G. S. 1935, 60-711) and that it may be made a part of the answer, but that it must be so pleaded does not appear. In any event, the name applied to the pleading is not decisive. The pleadings in this case, by whatever name they were called, fully advised the appellant of the appellee's claim, the cause was tried without objection for the particular reason being discussed, and the parties, the court and the jury understood the issue. The pleadings were sufficient to support the judgment.

Appellant also contends the evidence was insufficient to show breach of warranty. The warranty was that the automatic press would register accurately. Appellant's point is there was no evidence of any particular defect in the press. Appellee's evidence showed the press would not register accurately and that appellant tried repeatedly to make it do so and failed. Probably if appellee had known what was the matter he would have told appellant so that it could be remedied. Because he didn't know, and if appellant did know it did nothing effectual, gave rise to this action. Appellee had only to prove the press did not comply with the warranty, not the cause why it did not. The proof was sufficient.

We have also examined appellant's contention the court erred in not sustaining its motion to strike an answer of a witness for the asserted reason it was irrelevant. Perhaps it was, but that it was prejudicial does not appear. The error, if any, must be prejudicial to warrant a reversal.

And finally, appellant contends the trial court erred in its instructions to the jury in submitting whether the defendant had offered to return the press within a reasonable time and whether appellant's conduct excused a failure to make an earlier tender. The record does not disclose that any objection to the instructions was made when they were given, and the complaint is late. What has been said earlier, however, disposes of the contention.

From what has been said it follows the judgment of the trial court should be, and it is, affirmed.