TRUE W. CHILDS ET AL. v. EDWARD O'DONNELL.

*Sale—Warranty—Option to return goods.*

1. There is a wide difference between an option given to the buyer to return the goods if not satisfactory and a warranty of quality. The latter is continuing, and runs with the goods; but the former must be exercised within a reasonable time after the receipt of the goods, and their retention after the expiration of such reasonable time must be regarded as an acceptance, unless the option is extended in clear and unmistakable language.

2. An option given to a purchaser to return goods if not satisfactory on trial does not extend to subsequent orders and invoices of goods, unless repeated with each order, or unless general language was used covering *all* orders or sales.

Error to Kent. (Grove, J.) Argued January 15, 1891. Decided February 6, 1891.

*Assumpsit.* Plaintiffs bring error. Reversed. The facts are stated in the opinion.

Peter Doran, for appellants, contended:

1. Defendant could not be allowed to keep the goods for an unreasonable time, and until they were out of season, and then repudiate the sale and return the goods. These goods were retained by defendant for from two months to over a year, which was an unreasonable time; citing *Roebling's Sons Co. v. Hematite Co.*, 70 Mich. 346; *Farrington v. Smith*, 77 Id. 550; *Crippen v. Bope*, 38 Id. 344; *Boothby v. Scales*, 27 Wis 638; *Paige v. McMillan*, 41 Id. 341; nor can defendant return a portion of any one bill of goods and retain the rest; citing *Mansfield v. Trigg*, 113 Mass. 351; *Morse v. Brackett*, 98 Id. 205; *Carney v. Newberry*, 24 Ill. 203; *Clark v. Baker*, 5 Metc. 452.

2. When goods are bought as corresponding to sample, and so appear, a reasonable delay in examining them is proper; but, when they are not supposed to conform to sample, great promptness on the part of the vendee is required in making such examination, and in rescinding the sale with as little delay as the

usual methods of business will permit; citing *Farrington v. Smith*, 77 Mich. 550.

3. The plaintiffs were suing for bills of goods sold subsequent to January 1, 1888, while defendant seeks to recoup damages, not only for the goods sold under the agreement, but also for goods sold under other prior contracts. This conflicts with the well-known rule that the defendant can only recoup those damages which spring out of the same contract or transaction upon which the suit is brought; citing *Ward v. Willson*, 3 Mich. 1; *Molby v. Johnson*, 17 Id. 382; *Holland v. Rea*, 48 Id. 218; *Morehouse v. Baker*, Id. 335; *Mimnaugh v. Partlin*, 67 Id. 391.

4. By the dissolution of the firm of Fuller, Childs & Co., and the organization of that of Childs, Lee & Dunlap, a change was made in the parties with whom defendant was dealing, of which fact he had due knowledge. If he had a right to recoup damages as against the old firm, he should have made his claim then, unless he had already slept on his alleged rights for an unreasonable time. These two firms were in law as distinct as two persons, and the defendant could not hold the plaintiffs responsible for any alleged default of some one else, or some other firm. Each change of partners, whether by the addition of a new member or the death or retirement of an old one, is a dissolution as to all of the partners, and if the business is continued it is a new partnership, whet. er the name be the same or not. No matter how numerous the changes without apparent break in the continuity of business, at each change an existing firm dissolves and a new one is formed; citing 2 Bates, Part. § 570; *Ross v. Cornell*, 45 Cal. 133; *Waller v. Davis*, 59 Iowa, 103; *Abat v. Penny*, 19 La. Ann. 289; *Mudd v. Bast*, 34 Mo. 465; *Morss v. Gleason*, 64 N. Y. 204; *Horton's Appeal*, 13 Penn. St. 67; *Peters v. McWilliams*, 78 Va. 567.

*Eggleston & McBride*, for defendant, cited no authorities, their brief being confined to a discussion of the evidence.

McGRATH, J. Childs, Lee & Dunlap, plaintiffs, brought *assumpsit* for the price and value of several invoices of boots and shoes sold defendant, at the dates, and aggregating the amounts, following:

| | |
|---|---|
| January 25, 1888 | $142 39 |
| January 31, 1888 | 142 25 |
| February 13, 1888 | 43 80 |
| February 24, 1888 | 41 00 |

| | | |
|---|---|---|
| March 26, 1888 | $105 25 | |
| April 2, 1888 | 9 00 | |
| April 11, 1888 | 130 25 | |
| April 18, 1888 | 3 50 | |
| April 27, 1888 | 128 00 | |
| | | $745 44 |

CREDITS.

| | | |
|---|---|---|
| April 24, 1888, by goods returned | $10 00 | |
| May 19, 1888, by goods returned | 34 50 | |
| May 19, 1888, by goods returned | 7 50 | |
| June 6, 1888, by goods returned | 2 25 | |
| Aug. 22, 1888, by damages allowed | 1 20 | |
| | | 55 45 |

$689 99

Defendant pleaded the general issue, and gave notice that he would insist on the trial:

1. That the goods referred to in plaintiffs' declaration were sold to defendant by plaintiffs for good, merchantable, durable goods; that plaintiffs guaranteed them to be such, and agreed that defendant might return the goods if not such.

2. That the said goods were not good, merchantable, and durable goods, and defendant offered to return the same, but that plaintiffs refused to receive them.

3. That plaintiffs knew that said goods were of a poor quality; and that the sales made by defendant of said goods injured defendant's business, and that by reason thereof good and worthy customers have been turned away, and he has lost a large portion of his business, and defendant has been deprived of great gains and profits, and damaged to the extent of $1,000, which the defendant will recoup.

The case was tried before the court, and findings of fact and law were demanded and are presented.

On January 1, 1888, plaintiffs succeeded the firm of Fuller, Childs & Co., and defendant had actual notice of the change in the firm. Defendant had bought goods from Fuller, Childs & Co. during the year 1887, and on January 1, 1888, there was a balance due the old firm,

which was subsequently paid by remittances to Childs, Lee & Dunlap on account of that indebtedness. The goods were sold on four months' time, at the end of which plaintiffs began to press collection; and on June 27, 1888, defendant wrote to plaintiffs, threatening to return all of their goods which he had then on hand; and in another letter, dated June 30, he informs them that the goods are packed, and are subject to plaintiffs' order. The goods packed, at the prices charged by plaintiffs, amounted to $483.45. It is admitted that the goods so packed embraced all of the goods then on hand purchased from plaintiffs, and that they included goods purchased prior to January 1, 1888, from the old firm of Fuller, Childs & Co. The court finds, first,—

" That in the latter part of the spring of 1887 said defendant engaged in the business of retail dealer in boots and shoes, and has since then continued in such business; and that soon after commencing such business the firm of Fuller, Childs & Co., of which said plaintiffs are the successors, through their agent, Mr. Cadwell, solicited said defendant to make purchase of goods in his line from said firm of Fuller, Childs & Co., and, to induce defendant to trade with said firm, told said defendant that all goods purchased of said firm by him should be of a good and merchantable kind, character, and material, and as good as the like priced goods of any other boot and shoe house in the United States, and that if such goods proved unsatisfactory to defendant he might return the same to said firm, and that said firm would warrant every pair of shoes to be of a good, merchantable, and workman-like character, and would stand by every pair, and make said defendant recompense for all loss which he might sustain by reason of handling said goods, if the same, or any part thereof, did not prove to be of the character so warranted; and that said defendant in the month of August, 1887, agreed to purchase goods of said firm of Fuller, Childs & Co. upon said warranty, and thereupon began to trade with said firm in accordance with said arrangement."

This finding is not sustained by the proofs. The defendant gives the language used by the agent, Cadwell, as follows:

"He said: 'I will recommend them with any goods you can get anywhere; as good as you are buying from any other place. If they don't prove satisfactory, you can send them every pair back; even after a person wears them, you can send them back, and get another pair in their place. If the goods don't give satisfaction, send them all back.' Well, I told him: 'I can't lose nothing anyhow. If the goods don't prove good, then I will send them back. I will take a small order, and try them.' So I ordered some of them."

The first order was given in June, 1887, and other orders were given during that year, and a balance remaining due upon these orders was paid some time after January 1, 1888. Between January 1, 1888, and April 27, 1888, nine other separate and distinct orders for goods were given. No goods were returned during the year 1888, until April 24, when goods of the value of $10 were credited to defendant. Of the shipment made April 11, 1888, goods of the value of $34.50 were immediately returned as not suitable for that trade. The other goods returned during the year amounted in all to $9.75, and $1.20 was allowed for damages to one pair of shoes, which had been worn and returned. It will be noted that the trial order was given in June, 1887, and was followed by a number of other orders extending over a period of nine months, and that goods had been returned and credited without question. Indeed, defendant says: "I gave him [Cadwell] orders afterwards for different shoes, as long as he kept changing them." It does not appear that any question arose until some time in June, 1888, when the defendant packed up all of the goods purchased from plaintiffs, including some purchased in 1887, and notified plaintiffs that they were on hand subject to their order.

Defendant undoubtedly had the right, under the contract of sale, to return the goods received by him upon the first order, if they did not prove satisfactory, and the plaintiffs had a right to rely upon the failure to return them as an acceptance of the goods. Defendant, having the option to return the goods, was bound to exercise that option within a reasonable time. Had defendant given but the first order, and retained the goods received for months, it will not be contended that he could then return the goods. Not only does he not return the goods, but he gives a number of subsequent orders, and pays for all the goods purchased within the first six months, and after a year elapses he undertakes to return goods, all of which had been held for two months, a portion for three months, a portion for four months, other portions for five months, and others from nine to twelve months. There is a wide difference between an option given to the buyer to return the goods if not satisfactory and a warranty of quality. The latter is continuous, and runs with the goods; but the former must be exercised within a reasonable time after the receipt of the goods, and the retention of the goods after the lapse of that reasonable time must be regarded as an acceptance, unless the option is extended in clear and unmistakable language.

The language used cannot be construed as a warranty. The sale of the first order was one on approval simply, with the privilege of a trial of the goods. As a matter of law, this option, even, did not extend to subsequent orders and invoices of goods, unless repeated with each order, or unless some general language was used covering all orders or sales. The defendant gave the first order for the very purpose of a trial of the goods. Having received the goods ordered, and other invoices of goods, before any of the goods sued for were ordered, he must

be deemed to have had a sufficient opportunity for trial, and the plaintiffs were justified in assuming that the goods had proven satisfactory. *Waite v. Borne* (N. Y.), 25 N. E. Rep. 1053. It is unnecessary to notice other assignments of error.

This finding was erroneous, and a new trial must be had, with costs of this Court to plaintiffs.

The other Justices concurred.