CASE 51—ACTION BY McCORMICK HARVESTING MACHINE CO. AGAINST
W. A. ARNOLD AND ANOTHER ON NOTES.—OCT. 21.

# McCormick Harvesting Machine Company v. Arnold, &c.

APPEAL FROM GARRARD CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS.    REVERSED.

SALES—HARVESTING MACHINE—WARRANTY—SALE ON TRIAL—FAILURE
TO RETURN—ACTION FOR PRICE—ESTOPPEL—BREACH OF WARRANTY.

Held:   1. Where a warranty of a harvesting machine was signed
by the buyer merely as an order for the machine that it might
be procured for trial, and the real contract for its purchase was
made by the parties after the machine arrived, when the notes
for the price were executed, and it was then orally agreed by
the seller's agent that the machine was warranted to do a certain
amount of work per day, the buyer was not limited to the writ-
ten contract.
2. Where defendants purchased certain agricultural machinery on
trial under a warranty that it would do a certain amount of
work, which it failed to do, they were bound to offer to return
the machine within a reasonable time, and, having failed to make
any objection thereto for more than three months and until suit
for the price, they were estopped to deny liability therefor.
3. Where a contract for the sale of farm machinery provided that
the buyer was to test the machine, and, if it did not perform
the guaranteed work, he was to return the machine, and be
given back notes given for the price, he was not entitled to
retain the machine, and, on being sued for the price, claim dam-
ages for breach of warranty.

J. E. ROBINSON, ATTORNEY FOR APPELLANT.

1. In this action on three notes given for a corn husker and
shredder the defendant in his answer alleged that plaintiff in
the contract warranted the machine to  husk  and  shred  150
to 200 shocks of corn and fodder per day, and if it failed to do
so plaintiff would take it back and give up the notes, but it is
nowhere alleged that upon its failure to do the work it was
warranted to do, the defendant offered to return it or demanded

the surrender of his notes. For this reason we contend that
defendant's answer was bad and plaintiff's demurrer thereto
should have been sustained.

2. The court erred in striking out the second paragraph of
plaintiff's reply to the answer, in which plaintiff alleged that
defendant, after purchasing and testing the machine, signed a
paper stating:  "I find no fault with the material in the ma-
chine, nor the kind and character of work it does.  So far as I
know the work of the machine and the material it is made of is
all right."

3. The court erred in overruling the plaintiff's motion for a
judgment on the face of the papers, the court holding the burden
on appellees and the appellees having closed their case in chief.

4. The court erred in permitting appellees, after they had
closed their evidence in chief, to file a second amended answer
after plaintiff had entered a motion for a judgment on the face
of the papers.

5. The machine was handled for defendant by men, wholly
inexperienced in the use of such machinery, and its capacity for
doing the work for which it was sold was never fairly and fully
tested, and the appliances used with which to operate it were
indifferent and unsuitable for that purpose, as shown by the
evidence.

## AUTHORITIES CITED.

Shipman's Common Law Pleading, pp. 203, 213; Black on
Contracts, vol. 1, secs. 821, 793; 4 R., 841; Campbell Printing
Press Co. v. Tharp, L. R. A., vol. 1, p. 645; Stone v. Russell, 13
R., 970; Western Assur. Co. v. Meath, 10 R., 708; Clark on Con-
tracts, p. 184; Beach on Contracts, vol. 1, secs. 165, 166, 735;
Ford v. Crenshaw, 1 Litt., 68; Am. & Eng. Ency. of Law, vol. 3
(1st ed.), p. 834; Thompson v. Thompson, 93 Ky., 435; Mortz v.
Schwartz, 15 R., 269; Frick v. Morgan & Co., 2 4R., 836.

J. M. ROTHWELL AND WM. HERNDON, ATTORNEYS FOR APPELLEES.

1. Appellees admitted the execution of the notes sued on and
alleged and proved the consideration of the agreement as to the
delivery up of the machine in case it did not do the work it was
guaranteed to do, the entire agreement being in parol.

2. In order to avoid this appellant offered to file a writing
setting up a new contract for two notes—one for $112 and the
other for $113, instead of the three notes sued on, but the court
properly treated the contract as a parol one.

3. Appellees refused to pay the notes before suit, because the

machine would not do the work it was guaranteed to do and nothing was done by appellants to make it do the work.

.We submit that upon the pleadings and proof the judgment should be affirmed.

OPINION OF THE COURT BY JUDGE SETTLE—REVERSING.

The appellees, W. A. Arnold and J. I. Hamilton, were sued by the appellant, McCormick Harvesting Machine Company, upon three promissory notes of $75 each of date November 11, 1901, and due December 1, 1901, June 1, 1902, and January 1, 1903, respectively. The payment of the notes was resisted by appellees in the court below; the defense interposed by their answer being that they were executed for one McCormick husker and shredder, which they received of appellant, and which its agent warranted would husk and shred 150 shocks of corn and fodder, or would shred 200 shocks of fodder, per day, and that if, upon a fair trial, it failed to do so, appellant would return to appellees their notes and take back the machine; that the notes were executed upon that condition alone, and would not have been given but for the warranty mentioned. The answer further avers that the machine did not perform its work as warranted, though given a fair trial by the appellee Arnold, but only had the capacity to husk and shred 100 shocks of corn and shred a like quantity of fodder per day, and that by reason of the breach of warranty appellees are entitled to the return of their notes and appellant to the return of the machine, and a tender of the return of the machine to appellant was made in the answer. The action was upon all three of the notes, though instituted soon after the maturity of the first one, as it was stipulated in the contract between the parties that, in the event appellees failed to pay any one of the notes within thirty days after its maturity, all should become due and payable.

In avoidance of the defense relied on by appellees, the appellant, by reply, denied the warranty set up in the answer or any agreement to return the notes or retake the machine by reason of its breach, and alleged that the only contract made between their agent and appellees in reference to the machine is contained in a writing signed by appellees and bearing date October 21, 1901, wherein, among other things it is stipulated that the "McCormick Harvesting Machine Company warrants this machine to be well made, of good material, and durable with proper care, and to do the work for which it is intended, when properly adjusted and operated (condition of fodder and corn being considered). If upon one day's trial the machine should not work well, the purchaser must give immediate notice to J. W. Lindley, general agent for the McCormick Harvesting Machine Company at Louisville, Ky., and to the local agent from whom the machine was purchased, and allow a reasonable time to send a person to put it in order. If it can not be made to work well, the purchaser must return it at once to the agent from whom he received it, and all cash notes, and securities received in settlement will be refunded, which, when done, shall constitute a settlement in full of the transaction. Three days' use of the machine, or continued possession without notice of its failure to work properly, shall be considered an acceptance of the same, and a fulfillment of the warranty. . . ." The reply further avers that the foregoing stipulation contains the only warranty made in the sale of the machine, and that no breach of same has arisen, but that the stipulation providing for the trial of the machine and notice of its defects, if any, was violated by appellees, who gave appellant no notice of any defect therein, or its failure to do the required amount of work, but continued to use the machine

without complaint, by reason of which they are estopped to claim the return of the notes. The rejoinder denies that the writing contains the contract between the parties, and avers that the contract set forth in the answer was in parol, and was made at a later date, to-wit, at the time of the execution of the notes sued on. We find that this contention of appellees is apparently sustained by the evidence. Besides, the writing referred to shows that it was dated at a time anterior to the execution of the notes sued on, and it recites that two notes were given by appellees for the machine—one for $112, due December 1, 1901; and the other for $113, due December 1, 1902—each bearing date October 21, 1901, whereas the notes that were really executed for the machine were three in number, for $75 each, and all bear date November 11, 1901. It is patent, however, that the writing was signed by appellees as an order for the machine, that it might be procured for inspection or trial, though the real contract for its purchase was made by the parties when the notes were executed, and before any trial was made of the machine. We are of opinion, however, that neither the pleadings nor evidence authorized the verdict or judgment rendered in the case, as, according to the contract relied on by appellees, it was their duty to have returned, or offered to return, the machine, in a reasonable time after discovering that it would not perform the work as guaranteed by the agent of appellant. In discussing sales "on trial" or "approval" and "sale or return," Mr. Benjamin, in his admirable work on Sales (4th Ed.), sections 595, 596, says: "In the former class of cases there is no sale until approval is given either expressly, or by implication, resulting from keeping the goods beyond the time allowed for trial. In the latter case (sale or return) the sale becomes absolute, and the

property passes only after a reasonable time has elapsed without the return of the goods. In sales 'on trial' the mere failure to return the goods within the time specified for trial makes it absolute. . . ." In the case at bar it appears that appellees not only had ample time to try the machine, but they used it for some time after discovering that it was incapable of doing the quantity of work which they claim appellants' agent warranted it to do, and that, too, without serious complaint to the agent, or an offer to return the machine. Indeed, it appears from the record that no offer was ever made by the appellees to return it until the time of the filing of their answer, which was after the institution of the suit, and fully three months after the delivery of the machine to them. Upon such a state of case the appellees are, it seems to us, estopped to deny liability on the notes. Ordinarily, in the sale of an article of personal property where there is a breach of warranty, the purchaser may return the property and recover the purchase price, or he may elect to retain it and recover damages for the breach of the warranty, in which case the measure of damages would be the difference in the value of the property in its condition at the time of the sale and what it would have been worth if of the quality warranted. But that rule does not apply in this case, for here the contract was that appellees were to test or try the machine, and, if it turned out that it did not perform the guaranteed work, appellees were to be given back their notes, and the machine was to be returned to, or be retaken by, the appellant. It was the duty, therefore, of appellees, to notify appellant's agent of the failure of the machine to do the guaranteed quantity of work within a reasonable time after ascertaining such failure, and in a like reasonable time to offer to return the machine, or, at any rate, to notify appel-

lant's agent that it was subject to his order or right to re-take it. But, having failed to give such notice, or to offer to return the machine within a reasonable time after their discovery of its incapacity to perform its work according to the warranty, the sale became absolute, and appellees' liability upon the notes fixed.

In this view of the law, the instructions given by the lower court were altogether erroneous, for which reason the judgment is reversed, and cause remanded, with directions to the lower court to grant appellant a new trial consistent with the opinion herein.