POWERS *v.* BRIGGS.

1. SALES—WARRANTY—BREACH—QUESTION FOR JURY.
     Plaintiff, in an effort to sell a hay loader to defendant, warranted that it would do certain work.    Defendant declined to purchase the machine, but afterwards the matter was again taken up, and the machine was ordered.    *Held*, that it was a question for the jury whether the original warranty entered into the contract of sale as finally made.

2. SAME—RETURN OF GOODS—DELAY—REASONABLENESS.
     In an action for the price of a hay loader, rejected on account of breach of warranty, circumstances examined, and *held*, that the delay in returning the machine was not, as a matter of law, unreasonable.

Error to Eaton; Smith, J.    Submitted February 16, 1905.    (Docket No. 166.)    Decided April 21, 1905.

Assumpsit by Seroll E. Powers against Albert Briggs for goods sold and delivered. There was judgment for defendant, and plaintiff brings error.    Affirmed.

*Horace S. Maynard*, for appellant.

*Frank A. Dean*, for appellee.

MONTGOMERY, J. This action was brought to recover the price of a hay loader sold and delivered to the defendant. The defense was that the loader was bought under an express warranty that it would do good work and would load hay from windrows, and that, if it failed to do so, defendant might return it; that it did not answer the terms of the warranty; and that defendant returned it. There was a sharp contest on the trial. The circuit judge submitted to the jury the three questions: (1) Whether there was such a warranty as claimed; (2) whether defendant gave the machine a fair test within a reasonable time, and found that the machine would not do good work; and (3) whether within a reasonable time thereafter he returned the machine to plaintiff.

If there was evidence which justified the submission of each of these questions to the jury, we think the concise, clear charge of the circuit judge covered all the points in the case, and that no elaboration was necessary. It is insisted, however, that the evidence shows that the sale, when made, was not accompanied by a warranty. Plaintiff's contention in this regard is best stated in his request to charge:

"The time when the warranty was made, if any were made, becomes important in this suit. If you find that some time prior to the delivery of the machine the plaintiff, either by phone or otherwise, tried to sell a hay loader to the defendant, and in the negotiations made warranties and representations of what such machine would do, and said that if said machine did not do good work the defendant would not have to keep it, and that it might be returned; and find that the offer and proposal of the plaintiff was not at the time accepted by the defendant, but

that the defendant said he would consider the matter, and let the plaintiff know whether he would take the machine or not; and find, further, that the plaintiff afterwards called the defendant by phone and asked him if he was going to take the machine, and whether the plaintiff should order a machine for him, and that the defendant then informed the plaintiff, in substance, that he (the defendant) had concluded not to buy a machine, and that the plaintiff need not order a machine for defendant—that would end the negotiations at that point, and all representations and warranties, if any, made by the plaintiff up to that time, would not bind the plaintiff in any after negotiations or proposals of sale, unless he expressly renewed them.   If the status of affairs then was that the plaintiff had made a proposal of sale which the defendant rejected, a new warranty would have to be made by the plaintiff in order to bind him."

We do not think this request correctly states the law. The evidence shows that, after the conversation referred to in the request, the subject was again taken up, and the loader ordered.   In the view most favorable to plaintiff, it was a question for the jury as to whether the subsequent order had reference to, and was understood to have reference to, the preceding conversation, and whether both parties understood that the loader was ordered under the warranty which was a part of the offer of the machine in the first instance.   The case of *Childs* v. *O'Donnell,* 84 Mich. 533, is easily distinguished.   It was there held that a warranty on a sale of one bill of goods did not attach to a sale of another bill at a later time.   In the present case the negotiations all related to the identical machine delivered to the defendant, and the question is whether all that was said during the negotiations was understood to have reference to these machines, and whether, in the understanding of the parties, the proposed warranty attached when the sale was finally consummated.

It is contended that the machine was retained an unreasonable time before being returned.   It is said that the machine was retained from July 20th to September 14th

before it was returned.   The testimony tends to show that on July 20th it was understood that the machine was to be given a further trial.   It was given a further trial on the 23d.   On the 25th defendant sent his brother to inform plaintiff that the machine did not work.   Again, about the middle of August, the defendant's brother told plaintiff that the machine did not work, and was informed that it would not be taken back.   Finally, on September 14th, it was returned to the place where defendant got it. It was not used after July 23d.   Under these circumstances, it cannot be said, as matter of law, that the delay was unreasonable, particularly when it is considered that, under the testimony, plaintiff had a duty to perform in making the machine do the work it was designed for, and when it is considered that the season for its use was about closed.   *Felt* v. *Evaporator Co.*, 52 Mich. 602.

Error is assigned on the opening statement of defendant's counsel.   We see no reason to question the good faith of defendant's counsel in stating what he expected to prove.   The reasoning in *Prentis* v. *Bates*, 88 Mich. 567, applies with peculiar force to the present case.

No error appears.

Judgment affirmed.

CARPENTER, BLAIR, OSTRANDER, and HOOKER, JJ., concurred.