### L. E. FOUNTAIN v. CALVIN JONES.

(Filed 2 March, 1921.)

**1. Bills and Notes—Vendor and Purchaser—Sale and Return—Conditions.**

Where the note given for the sale of a horse stipulates that it must work all right or the maker of the note could return it in seven days from its date, it is called a "contract for sale and return" passing title to the maker subject to the right under the conditions stipulated for, to return within the time fixed, and demand cancellation of the note: and upon his failure to do this the sale becomes absolute.

**2. Same—Instructions—Burden of Proof—Appeal and Error.**

Upon the admission of the execution of the note sued on, "for the sale and return" of a horse, within a specified time, upon certain conditions, the burden of proof is on the defendant to show such facts, in compliance with the contract to return the horse in the time specified, as will avoid his obligation upon the note, and an instruction placing it upon the plaintiff, is reversible error.

**3. Same—Waiver—Agreements.**

Where there is evidence that the defendant offered to return a horse he had purchased from the plaintiff within the time stipulated in the note given for the purchase price, and thus avoid obligation thereon, but was twice persuaded by the plaintiff to give the horse other trials, the fact of such agreements would be a waiver of the return of the horse within the period specified in the note, and the second waiver prevents the plaintiff's objecting that the second offer to return the horse was not in a reasonable time, but thereafter the defendant could not use and keep the horse for six months without further tender of its return, if he had had reasonable opportunity to have done so.

APPEAL by plaintiff from *Cranmer, J.,* at November Term, 1920, of EDGECOMBE.

This is an action to recover a mare, and the balance due on a note.

The defendant executed to the plaintiff a note for $250, which sum represented the purchase price of the mare. The note was dated 29 March, 1918, and by its terms the plaintiff retained title to the mare to secure the purchase price. There was also written into the note the provision that the mare "must work o. k., if not (defendant) can return her in a week's time, seven days from date." The note matured on 1 November, 1918. Defendant did not pay the note or any part of the same at maturity. Plaintiff duly demanded payment of the note, and upon defendant's failure to pay instituted this action of claim and delivery, asking that he be declared entitled to the immediate possession of the mare for the purpose of selling her according to law and applying the net proceeds of sale on the note. He also asked for judgment against defendant for balance of note, after crediting on same the net proceeds from the sale.

Defendant admitted the execution of the note, and also admitted that he had not paid same, but claimed that he returned the mare within the seven days provided for in the note; that plaintiff persuaded him to try her again, and that after a sixteen days trial he again returned the mare, and was again persuaded by plaintiff to try her further; that he again took the horse home and tried her and found her unsatisfactory, but that he never saw plaintiff again, and was in possession of her when this action was started.

The first issue, addressed to the question as to whether plaintiff was the owner and entitled to the immediate possession of the mare, by virtue of the note retaining title, was answered in plaintiff's favor by consent.

The jury returned the following verdict:

"1. Is the plaintiff the owner of and entitled to the immediate possession of the horse in controversy? Answer: 'Yes.'

"2. What amount, if any, is the defendant indebted to the plaintiff? Answer: 'Nothing.'

"3. In what sum, if any, is the plaintiff indebted to the defendant on his counterclaim. Answer: 'Nothing.'"

His Honor charged the jury on the second issue as follows, to which the plaintiff excepted: "I charge you that as to the second issue, the burden rests upon the plaintiff to satisfy you by the preponderance, that is, the greater weight of the evidence, that he is entitled to have same answered in his favor. Now, if you find by the greater weight of the evidence that the defendant did not return the horse within seven days from the date of the note, then I charge you that it would be your duty to answer the second issue in such sum as you may find to be due. But if you do not so find, then you should answer the issue 'Nothing.'"

There was a judgment in favor of the defendant, and plaintiff appealed.

*G. M. T. Fountain & Son for plaintiff.*
*No counsel for defendant.*

ALLEN, J. The contract covered by the note offered in evidence is called in the law books a "contract for sale and return," and under its terms the title to the mare passed to the defendant, subject to the right of return within the time fixed, and to demand the cancellation of the note; and if he failed to exercise this right the sale became absolute, and the purchase price could be recovered.

As said in 35 Cyc., 237, and approved in *Mfg. Co. v. Lumber Co.,* 159 N. C., 510: "Where the contract provides for a return of the goods if not satisfactory, the buyer cannot relieve himself from liability for

the price, unless he returns or offers to return them, and the offer to· return must be unconditional."

It follows, therefore, as the defendant admitted the execution of the note, and as it was incumbent on him to prove a return of the horse within seven days in order that he might be relieved from responsibility, it was error to place the burden of proof on the plaintiff on the second issue, and to require him to prove the negative—that the defendant did not return the horse within seven days—before the issue could be answered in his favor.

It was also erroneous to instruct the jury to answer the issue "Nothing" unless they found that the defendant did not return the horse within seven days, because this ignores the evidence to the effect that although an offer to return was made, the defendant agreed to give the horse another trial, and again after sixteen days and complaint made, concluded to try the horse further, and thereafter made no further objection and no further effort to return the horse.

If the defendant offered to return the horse within seven days, and was persuaded to make another trial of the horse, this would be a waiver· of the stipulation for the return within seven days, and if after sixteen days he again offered to return the horse, and it was agreed that there· should be a further trial, this would prevent the plaintiff from objecting that the second offer of return was not within a reasonable time, but the defendant could not thereafter keep and use the horse for a period of six months without further tender of return, if there was reasonable opportunity to do so, and then avoid liability on the note, under the stipulation in the note giving the right to return the horse if not satisfactory.

There must be a new trial because of error in the charge.

New trial.