FLORENCE A. CLEARY *vs.* ESTHER M. BARLOW.

Suffolk.   March 3, 1925. — April 16, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Sale,* What constitutes, Retention of goods.   *Evidence,* Competency. *Practice, Civil,* Exceptions.

At the trial of an action of contract by an assignee of a diamond merchant against a woman, who was a proprietor of a store, for the purchase price of diamonds, the defendant testified in substance that the merchant, on September 2, came to her store after dark to sell her the diamonds; that she refused to examine them then, that after some conversation he said, "I will leave them for you to look over, and you can return them as you have done other goods at any time"; that a custom existed between them by which she could return goods she did not want at any time in January following their receipt by her; that settlements were made in January and in July; that a month or six weeks later she examined the stones and decided that they were not of a quality that she desired; that in January she returned the stones to the merchant with payment of a balance then due from her for other purchases.   The defendant's testimony was controverted by the plaintiff.   The plaintiff moved that a verdict be ordered in his favor.   The motion was denied.   There was a verdict for the defendant.   *Held,* that

(1) It could not be ruled as matter of law that the defendant had accepted the goods and was chargeable therefor;

(2) The question, whether the defendant had retained the goods for more than a reasonable time, was for the jury;

(3) There is nothing in G. L. c. 106 which affected the rights of the parties, if the circumstances relating to the delivery of the goods to the defendant were found to be as she testified;

(4) A finding was warranted that the goods were returned in strict compliance with the understanding and agreement of the parties, namely, when the semiannual settlement was made in January.

A denial by the judge of a motion by the plaintiff at the trial of the action above described to strike out, as tending to show an accord and satisfaction which was not set out in the answer, testimony by the defendant in substance that in the February following the January settlement, when she had returned the diamonds to the merchant, he interviewed her and, after she had explained the reason for the return, told her to "forget about the diamonds," and sought, in vain, to induce her to buy other goods to the same amount, did not harm the plaintiff, and an exception thereto was overruled, such testimony not being evidence of or relating to an attempt to compromise the claim and not being material to any issue involved in the action.

CONTRACT by the assignee of Irving M. Planick for $570 upon an account annexed for the purchase price of seven diamonds. Writ dated June 13, 1921.

In the Superior Court, the action was tried before *Hammond*, J. The testimony referred to in the opinion as to a conversation between Planick and the defendant in February, 1921, was in substance to the effect that Planick came to the defendant's store and asked why she had returned the diamonds; that after her explanation he tried to urge her to take them on extra time, but she refused, and finally he said, "All right, forget about the diamonds; all right; don't worry about the diamonds; we will forget about the diamonds. I would like to show you some merchandise"; that thereupon he showed to her some rings and urged her to buy $570 worth of goods, and that she further refused. The plaintiff moved that the testimony be stricken out, if the defendant was "offering that as evidence that the goods were returned under accord and satisfaction; it is not set out in the pleadings." The motion was denied.

Other evidence is described in the opinion. A motion by the plaintiff for a verdict in her favor was denied. There was a verdict for the defendant. The plaintiff alleged exceptions.

*H. Bergson*, for the plaintiff.

*M. S. O'Brien*, for the defendant.

CROSBY, J. This is an action of contract, brought by the plaintiff as assignee of one Planick, to recover for certain diamonds alleged to have been sold and delivered to the defendant. At the close of the evidence the plaintiff filed a motion that a verdict be directed in her favor, which was

denied subject to her exception. The jury found for the defendant.

The defendant testified in substance that she was in the jewelry business and had been so engaged since 1917; that she had previously bought goods of Planick; that late in the afternoon of September 2, 1920, he called at her store in Lawrence and showed her a package of diamonds; that she did not examine them at that time; that he told her he would like to sell her some diamonds and was willing to leave them with her, to which she replied, "It is too late to look at diamonds, I don't like to look over diamonds in the evening by gas light," and he said, "I will leave them for you to look over, and you can return them as you have done other goods at any time"; that she told him she did not need diamonds then, and he said she could probably use them at Christmas time, to which she assented and agreed that he might leave them. She further testified that a custom existed between them by which she could return goods she did not want any time in January following their receipt by her; that settlements were made in January and in July. She further testified that a day or two after September 2 she deposited the diamonds in a bank and left them there until she needed some stones to use; that a month or six weeks later she took them from the bank and examined them for the first time and found that they were not the kind she used; that they were of heavy cut and off color; that she returned them in January following, and at the same time paid Planick the amount due him. He refused to accept the goods and this action is brought to recover the price.

The plaintiff denies that there was an agreement that the defendant could return the diamonds and contends that there was an absolute sale; that, even if the defendant was entitled to return the goods, she was required to do so within a reasonable time; that she returned them after the lapse of such time and is liable for the price.

The negotiations relating to the purchase and sale of the goods were wholly oral. The jury could have found from the testimony of the defendant that she was entitled to return the goods at any time if not satisfactory, and that they

were not satisfactory as to either cut or color. In view of the testimony that in previous dealings between the parties the defendant was permitted by Planick to return goods she did not want at any time in January and July when semiannual settlements were made by the defendant, and that she returned the goods in January when she paid for purchases made during the preceding six months, it could not have been ruled as matter of law that she had accepted them and was chargeable therefor.

What is a reasonable time generally depends upon the circumstances of each case. If the facts are undisputed, it is a question of law. But where material facts are controverted and depend wholly or in part upon inferences properly to be drawn, then the facts are to be determined by the court or a jury. *American Steam Gauge & Valve Manuf. Co.* v. *Mechanics Iron Foundry Co.* 214 Mass. 299. Williston on Sales, § 451.

There is nothing in the sales act which affects the rights of the parties, if the circumstances relating to the delivery of the goods to the defendant were found to be as testified by her. If the goods were delivered to her with the understanding that she might return them at any time, it is plain that the title did not pass. As there was evidence that the parties did not anticipate that the defendant would have any use for the goods before the Christmas trade and she returned them in January following, it could not have been ruled that she retained them for an unreasonable time. Besides, it could have been found that Planick said to the defendant when leaving them, "I will leave them for you to look over, and you can return them as you have done other goods at any time." This statement warranted a finding that the defendant could return the goods if she so desired in January in accordance with the custom or practice which existed between the parties.

Apart from what ordinarily would be a reasonable time within which the defendant should return the goods, it could have been found that they were returned in strict compliance with the understanding and agreement of the parties, namely, when the semiannual settlement was made in January, 1921.

The conversation between Planick and the defendant in February, 1921, was not evidence of an attempt to compromise the claim, nor did it relate to an attempt to show an accord and satisfaction. It was not material upon any issue involved and its admission was not prejudicial to the plaintiff.

*Judgment for defendant on the verdict.*