## Adam H. Bolender, Appellant, v. Frank S. Pearce, Administrator of the Estate of Christopher Sutton, Deceased, Appellee.

### Gen. No. 7,463.

1. SALES—*sale, consignment, bailment distinguished.* Where a ring was delivered at a certain price, and could be resold or returned, held that the transaction was not a bailment, consignment for sale nor contract of sale on trial or approval, but was a contract of "sale or return."

2. SALES—*contract of sale or return defined.* A contract of sale or return is an agreement by which goods are delivered by a dealer to be paid for at a certain rate, if sold by the party to whom they are delivered, and if not sold to be returned within a reasonable time.

3. SALES—*results of return or failure to return.* If vendee in contract of sale or return gives back the goods, the contract of sale is at an end, but, if he does not, the sale becomes absolute and the price of the goods may be recovered in an action for goods sold and delivered.

4. SALES—*time for return.* Under a contract of sale or return, if no time is specified within which the return is to be made the law implies a reasonable time.

5. SALES—*death of vendee under contract of sale or return.* Where goods are delivered to an individual under a contract of sale or return and the vendee dies, opportunity for exercise of his power to resell came to an end and it is the duty of his personal representative to immediately return the goods or become liable for the price of the goods.

6. SALES—*demand for return.* Where goods were delivered to an individual under a contract of sale or return and the vendee died, if any demand upon his representative for return of the goods was necessary, the filing of a claim against the estate was a sufficient demand.

Appeal by plaintiff from the Circuit Court of Winnebago county; the Hon. E. D. REYNOLDS, Judge, presiding. Heard in this court at the April term, 1925. Reversed and remanded. Opinion filed July 27, 1925.

EARLY & EARLY, for appellant.

GARRETT, MAYNARD & FELL, for appellee.

MR. JUSTICE JETT delivered the opinion of the court.

In the probate court of Winnebago county, Adam H. Bolender, appellant, according to his claim therein filed on November 1, 1922, sought to charge the estate of Christopher Sutton, deceased, for "a diamond ring received by decedent May 14, 1921, for sale on account of claimant and retained by decedent, $550.00." The claim was allowed and upon a hearing in the circuit court on appeal, the trial court, at the conclusion of all the evidence, gave to the jury a peremptory instruction and in obedience thereto the jury returned a verdict in favor of appellee, upon which judgment was rendered and this appeal followed.

The evidence discloses that appellant during 1920, 1921 and 1922 was a retail jewelry dealer and appellee's intestate was an "exchange manager" in charge of one of the eight exchanges at Camp Grant. Hobert Hooker was an employee of appellant and looked after the merchandise at the Camp which appellant had there for sale. He testified that on May 14, 1921, deceased examined some diamonds which appellant had there, selected a 1⅛ carat stone and a ring mounting which he liked and in accordance with his request the diamond was mounted and the ring made to fit his finger. The following day he called and received the ring signing at that time a "sales ticket" and in reply to the question of deceased as to what the ring was going to cost him, appellant told deceased $550. Hooker further testified that deceased said "he was going to try and sell the ring and when he sold it he would pay for it and if he did not sell it he would return it, as he wanted to purchase a larger stone and intended to buy a larger one as soon as he sold and paid for this one," to which arrangement appellant assented. Edward E. Allen, another salesman of appellant, testified to substantially the same as Hooker. It further appeared from their testimony that although appellant was to receive therefor only $550 and the deceased was to have all over that amount he

could get, the actual retail price of the ring was $650; that Sutton never sold the ring but wore it himself, never paid for it and that his widow had it after his death, which occurred on September 19, 1922.

It is the contention of appellee that the transaction as disclosed by the foregoing facts constituted a bailment or consignment for sale; that no title to the ring ever passed to Sutton and that appellant has misconceived his appropriate remedy of replevin. Appellant contends that the transaction was a contract of sale or return and that title to said ring did pass to Sutton and the ring not having been sold by decedent during his lifetime and not having been returned to appellant by the administrator, the estate is liable for its agreed value.

The transaction was not a bailment nor was it a consignment for sale, nor was it a contract of sale on trial or approval. It was a contract of "Sale or Return." In 24 Ruling Case Law, p. 425, sec. 720, it is said:

"A very common form of contract is that known as 'sale or return,' by which property is sold, but is liable to be returned to the seller at the option of the buyer. In this class of cases the transaction vests title immediately in the buyer, who has the privilege of rescinding the sale, and until this is exercised, the title remains in him. In such cases, the property in the goods passes to the buyer, the price is fixed at the time of the sale and delivery, the buyer deals with the goods as his own, disposes of them as he pleases for cash or on credit, is under no obligation to give any account of his disposition of them and is only liable to pay for them at a price fixed before hand, without any reference to the price at which he sells them."

There is no conflict in the evidence in this case, no witnesses were called by appellee, and from the testimony of the two witnesses hereinbefore referred to, it appears that the diamond, the mounting and the size of the ring were all selected and designated by Sutton. He received it from appellant and the ar-

rangement was that he should take it at the fixed price of $550; that he could deal with it as his own; that he could dispose of it as he pleased either for cash or credit; that he was not required to give any account of its disposition and was only liable to pay appellant the fixed price of $550 without any reference to the price at which he may have sold it. In the event that he did not sell it he was to return it. The sales ticket which Sutton signed gave his name as purchaser and gave the date and description of the article. At the time he received it, the arrangement was that he was going to try to sell it and when he had sold it he would pay the stipulated price for it and if he did not sell it he would return it.

A contract of sale or return is an agreement by which goods are delivered by a dealer to be paid for at a certain rate, if sold by the party to whom they are delivered and if not sold to be returned within a reasonable time. If the vendee returns the goods, the contract of sale is at an end. If he does not, the sale becomes absolute and the price of the goods may be recovered in an action for goods sold and delivered. If no time is specified within which the return is to be made the law implies that they are to be returned within a reasonable time. In such cases the property in the goods passes to the purchaser subject to an option in him to return them within a fixed or reasonable time. *House v. Beak,* 141 Ill. 290-300. In this case, goods were ordered at an agreed price. The articles were delivered and the buyers were to pay for the goods they sold when they sold them and what were not sold they would return and the court held that as no time for the return was fixed, a reasonable time was implied and inasmuch as the defendants kept the goods without offering to return them they were liable.

A contract constitutes a sale when the consignee agrees to pay a certain price for consigned goods as he sells them and there are no restrictions or limita-

tions imposed upon his right to sell the goods or as to the selling price and this is true even though the contract contains a clause giving the consignee the right to return the unsold goods. L. R. A. 1917 B 643; *House v. Beak, supra.*

Had Sutton unconditionally and unequivocably agreed to return this ring then this transaction would undoubtedly have been a bailment. It is when the identical thing delivered is to be returned or when the identical thing delivered is to be restored, though in an altered form, the contract is one of bailment and the title to the property is not changed but where there is no obligation to restore the specific article and the receiver is at liberty to return another thing of equal value or the money value thereof, he becomes a debtor to make a return and the title to the property is changed—it is a sale. *Chickering v. Bastress,* 130 Ill. 206-215. In the instant case Sutton had the option to either return the ring within a reasonable time or pay therefor the money value thereof according to the agreement of the parties, hence the transaction was not a bailment. Appellant reposed trust and confidence in Sutton by permitting him to have the ring under such terms. Appellant did not retain the right to demand the return of this ring at any time and hence it cannot be said that this transaction was a consignment of personal property for sale only. By this transaction title was vested immediately in Sutton and remained in him until divested by him by his exercising his privilege to return it. *House v. Beak, supra.*

Appellee insists that no demand was ever made for the return of this ring and in the absence of such demand appellee was under no obligation to return it. When Sutton died there was no longer any opportunity for the exercise of his powers or ability as a salesman. The representative of his estate knew the terms of the transaction and it was his duty to forthwith return the ring or pay appellant its agreed value.

In our opinion if a demand was necessary the filing of this claim in the probate court was a sufficient demand.

It was error for the trial court to have taken this case from the jury by peremptorily instructing it to find the issues for appellee and for so doing the judgment must be reversed and the cause remanded.

*Reversed and remanded.*