Argued December 14, 1932; affirmed January 24, 1933

# SPERRY FLOUR CO. *v.* DE MOSS

(18 P. (2d) 242)

*Wm. B. Layton,* of Portland (Edward A. Boyrie, of Portland, on the brief), for appellant.

*Mark V. Weatherford,* of Albany (Fred McHenry, of Corvallis, on the brief), for respondent.

BELT, J.   The Sperry Flour Company is engaged in the manufacture and sale of flour. The defendant De Moss conducts a bakery at Corvallis, Oregon, under the name of Sanitary bakery. On September 12, 1929, the plaintiff, by written contract, agreed to sell to the defendant 2,100 barrels of "Victor Bakers", "Volu-maker", "Graham Coarse", and "100 per cent Whole Wheat" flour. Plaintiff delivered 1,100 barrels of the flour and was paid therefor, but the defendant refused to accept further deliveries on account of an alleged breach of warranty as to the quality of the flour. Upon the refusal of the defendant to accept the remaining 1,000 barrels, the plaintiff commenced this action to recover the difference between the contract price and the market price of the flour at time and place of delivery.

In answer to this complaint and as a counter-claim thereto the defendant alleged breach of warranty. In substance it is alleged that, for many years prior to the execution of the contract, the defendant had, by certain blending and mixing of flour, produced a high standard of bread known to the trade as "Mother's Bread"; that he was induced to enter into the contract of purchase by the representation and warranty of plaintiff that the flour in question was so blended by it and was of such quality that it would bake the same high quality of bread known as "Mother's Bread"; that the defendant knew nothing of the brands of flour purchased but relied upon the representations and warranties of the plaintiff; that the flour produced a "wholly inferior and unmerchantable bread"; and

that by reason of the breach of warranty defendant sustained a damage to his business and trade in the sum of $3,000.

The cause was submitted to a jury and a verdict was returned in favor of defendant for $750. Plaintiff appeals.

■ Plaintiff urges that it was entitled to a directed verdict inasmuch as the written contract contains no express warranties and there would be no implied warranty of fitness for any particular purpose since the flour was sold under a trade name. There is evidence tending to show that defendant made known to the plaintiff the particular purpose for which he desired to use the flour and that he relied upon the seller's judgment in purchasing the same. Under this state of the record, the legal question arose as to which clause of the Uniform Sales Act applied. The defendant relied upon subdivision (1) thereof (section 64-315, Oregon Code 1930), which provides:

"Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose."

The plaintiff contended that the contract is controlled by subdivision (4) which reads as follows:

"In the case of a contract to sell or a sale of a specified article under its patent or other trade name, there is no implied warranty as to its fitness for any particular purpose."

While the authorities are in great conflict relative to what implied warranties arise by virtue of these subdivisions of the sales act, the question was decided

by this court adversely to the contention of the plaintiff in *Campbell v. Corley*, 140 Or. 462 (13 P. (2d) 610), rendered during pendency of the appeal in the instant case. It is clear from this case that there may under certain circumstances be an implied warranty of fitness for a particular purpose where the buyer relies upon the judgment of the seller even though the article be sold under a trade name. The rule is thus stated in *Campbell v. Corley*, supra:

"If the circumstances of the transaction show that the buyer made known to the vendor the purposes for which he desired the article, relied upon the seller's skill and judgment, and that the trade-name was inserted in the contract merely for the convenience of description, an implied warranty of fitness arises for the protection of the buyer, in the absence of a clause of disclaimer, even in jurisdictions where the Uniform Sales Act has been adopted."

In 55 C. J. 757, it is said:

"The fact that an article has a trade name does not negative the existence of an implied warranty of fitness for a particular purpose when it is purchased, not by name, but for a particular purpose and supplied for that purpose; and where the buyer relies not upon the trade-mark but upon the seller's judgment, there is an implied warranty of fitness for a particular purpose."

Also, see cases in note 59 A. L. R. 1186.

■■■ Applying the law as announced by this court, the following instruction given in the instant case was indeed favorable to the plaintiff:

"I instruct you if you find from the evidence that in entering into the contract with the plaintiff for the purchase of the flour the defendant informed plaintiff of the particular purpose for which the defendant required the flour, namely, to make a merchantable bread, and if the defendant relied on plaintiff's skill

or judgment, then I instruct you there is an implied warranty that the flour was reasonably fit for the purpose of manufacturing merchantable bread.''

Assuming that subdivision (4) applies there would be an implied warranty that the flour was merchantable, but not that it was fit for some particular purpose: 55 C. J. 759. The distinction between a warranty of fitness for a particular purpose and one of merchantability is observed in *Dunbar Bros. Co. v. Consolidated Iron-Steel Mfg. Co.*, 23 Fed. (2d) 416, wherein the court said:

''A warrant of merchantability is a warranty that the goods are reasonably fit for the general purpose for which they are sold, while a warranty of fitness is a warranty that the goods are suitable for the special purpose of the buyer, which will not be satisfied by mere fitness for general purposes.''

It will be observed from the above instruction that the question of merchantability of the flour for a general purpose was presented to the jury notwithstanding the applicability of subdivision (1) of the sales act. However, if error was committed it was not one of which the plaintiff can complain. There was evidence tending to show that the defendant buyer knew nothing of the various kinds of flour designated in the contract by their trade names, but that he relied solely upon the judgment of the seller that such flour would serve the purpose for which it was purchased. Hence, there was no error in denying the motion for directed verdict.

■ In the reply brief—but not in the original brief of appellant—it is urged as error that there is no evidence to support the finding of the jury that defendant sustained loss of profits by reason of alleged breach of warranty. We might disregard this assignment of

error since it does not comply with the rules of this court. It is hardly fair to respondent to make an assignment of error where there is no opportunity to answer except in oral argument. However, an examination of the record discloses that there is some evidence—although it is indeed meager—to show loss of profits.

■ Error is assigned because of the admission of evidence relative to certain representations made by the salesmen of plaintiff to defendant about the kind of bread the flour would produce. The trial court explicitly instructed the jury that there were no express warranties involved in the case. This evidence was admissible, not to prove the making of any express warranties but to show that the seller knew the particular purpose for which the flour was to be used and that the buyer relied upon the judgment of the seller in purchasing the flour. It was relevant and material to the issue as to whether there was any implied warranty of fitness: *Barret Co. v. Panther Rubber Mfg. Co.*, 24 Fed. (2d) 329; *Bekkevold v. Potts,* 173 Minn. 87 (216 N. W. 790, 59 A. L. R. 1165). It may be as contended by the plaintiff-appellant that the defendant undertook to build up a case on breach of express warranties, but we think the court correctly and explicitly directed the attention of the jury to the proper issues of the case.

The writer is not unmindful that there is strong authority holding that subdivision (4) of the sales act controls under the facts of this case, but the ruling of the court in *Campbell v. Corley,* supra, forecloses the question.

Finding no error that would warrant a reversal, it follows that the judgment of the lower court is affirmed.

BEAN, ROSSMAN and RAND, JJ., concur.