EARL R. HILL *and* DAVID R. GAIN, *Partners, etc. v.*
MONTGOMERY WARD & COMPANY

(No. 8877)

Submitted September 12, 1939. Decided October 31, 1939.

P. Douglas Farr, Stathers, Stathers & Cantrall and Frederick W. Ford, for plaintiffs in error.

Steptoe & Johnson and Oscar J. Andre, for defendant in error.

Fox, President:

The plaintiff, Hill, Gain & Company, a partnership, prosecutes this writ of error to a judgment of the Circuit Court of Harrison County entered upon a verdict directed in favor of the defendant, Montgomery Ward & Company, a corporation.

Plaintiff's action in assumpsit is based on an alleged breach of a guarantee or warranty growing out of the sale of one oil-burning Trukold Refrigerator. The sale was made in September, 1932, and the refrigerator delivered by the defendant to the plaintiff's place of business in Doddridge County. Printed on or attached to the reverse side of a gauge or thermometer inside the refrigerator was the following language:

> "Trukold truly simplified oil burning refrigerator backed by the millions of resources of Montgomery Ward & Company.
>
> Definitely Guaranteed
>
> No other refrigerator however high in price has a stronger guarantee."

On the day the refrigerator was delivered, or immediately thereafter, the defendant gave to the plaintiff a paper which reads as follows:

"GUARANTEE BOND

"Oil Burning           TRUKOLD           Refrigerator

Trade-Mark

"We guarantee this Oil-Burning TRUKOLD Refrigerator to be satisfactory in every way, when operated in accordance with the instructions which accompany every TRUKOLD. If for any reason it should prove to be unsatisfactory, return it to us, and we will refund all you have paid, including transportation charges both ways.

Serial No._____ MONTGOMERY WARD & CO."

The plaintiff operated a country store. The refrigerator was placed therein, and used until the 12th day of August, 1935, when a fire occurred which damaged the refrigerator and also damaged or destroyed certain merchandise. The contention of the plaintiff is that the fire originated in the refrigerator, and was communicated to the building and merchandise therein, and that the fire and its results were due to defects in the refrigerator covered by the guarantee under which it was sold. The bill of particulars filed in the case contains a claim for $130.00, the price paid for the refrigerator, together with other claims made up of the value of the merchandise destroyed or damaged and other items not necessary to consider on this writ. The evidence shows that the refrigerator was, from the standpoint of the plaintiff, unsatisfactory in that it would not freeze ice and properly preserve food in extremely hot weather; and it further shows that this defect was discovered during the summer of 1933, and that no complaint was ever made to the defendant on account thereof.

The declaration of the plaintiff contains three counts. The first alleges that as an inducement to the plaintiff to purchase the refrigerator "the said defendant undertook and then and there faithfully promised the said plaintiff that said refrigerator would be satisfactory in every way when operated in accordance with the instructions which accompanied said refrigerator, and that no other re-

frigerator, however high in price, had a stronger guarantee." The second count relies entirely upon the language appearing upon the thermometer inside the refrigerator, and quoted above; and the third count quotes and relies upon the "guarantee bond" quoted above. It is apparent, of course, that the first count does nothing more than allege generally the same undertaking as that contained in the quoted language in the second and third counts, and aside from the testimony of Gain as to the refrigerator's failure to function properly in hot weather, there is no evidence of any defect in the refrigerator, other than the alleged faulty construction from which the fire in question is claimed to have originated.

We have here a definite warranty that the refrigerator would be satisfactory in every way when operated in accordance with instructions; and that if for any reason it should prove unsatisfactory, the amount paid on the purchase price would be refunded and transportation charges provided for. The language appearing upon the thermometer inside the refrigerator does nothing more than call attention to the strength of the warranty, and since this action is based upon breach of warranty we think the guarantee bond must be considered and treated as the express warranty which accompanied the sale, if there is any such warranty in the case. Assuming for the moment, that the "guarantee bond" does constitute an express warranty, the liability of the defendant will be tested thereby unless there is, in addition thereto, an implied warranty which, if properly pleaded, will cover the alleged defect from which the fire allegedly resulted.

The general rule in this state and Virginia is that where there is an express warranty there can be no implied warranty except as to title. *Crislip* v. *Cain,* 19 W. Va. 438; *Alderson* v. *Electric Co.,* 210 Fed. 775; *International Harvester Co.* v. *Smith,* 105 Va. 638, 54 S. E. 859; *Ford Motor Co.* v. *Switzer,* 140 Va. 383, 125 S. E. 209. But there is authority from other jurisdictions limiting this rule to cases where the warranty implied is incon-

sistent with that expressly made. This latter doctrine is clearly stated in 1 Williston on Sales, 2d Ed., section 239, from which we quote:

"In some cases it has been broadly stated that an express warranty in a contract to sell or a sale necessarily excludes any implied warranty. If express warranties in a contract are in their nature inconsistent with the warranties which would have been implied had none been expressed, it would indeed be violating the intention of the parties to imply warranties; and express warranties which relate to the same matter as those which the law would otherwise imply may be deemed inconsistent, but the principle should extend no farther. An express warranty is generally exacted for the protection of the buyer, not to limit the liability of the seller. The fact that a seller expressly warrants a machine to be made of the best steel ought not to exclude an implied warranty that the machine is properly manufactured and will do the work such machines are designed to do, if such warranties would otherwise be implied. Excellent authority supported this view at common law. And it is expressly so provided in the Sales Act."

This principle is also illustrated by cases cited in notes following *Universal Motor Co. v. Snow,* 149 Va. 690, 140 S. E. 653, 59 A. L. R. 1174; *Sperry Flour Co. v. DeMoss,* 141 Ore. 440, 18 P. (2d) 242, 90 A. L. R. 406. Many of the cases cited in these notes are apparently based on the Uniform Sales Act, sub-section 6, section 15 of which provides:

"An express warranty or condition does not negative a warranty or condition implied under this act unless inconsistent therewith."

We approve and adopt the more liberal rule, but applying these principles to the case at bar, the question would then arise whether or not any implied warranty as to the construction of the refrigerator could exist in the

face of the specific warranty quoted in the third count of plaintiff's declaration. That warranty, while it assures the purchaser that the refrigerator will be satisfactory if used in accordance with instructions, does more: It provides the remedy of the purchaser in case the refrigerator should prove unsatisfactory, that is, its return, to be followed by the repayment of the money expended in its purchase, and payment of all transportation charges. We believe that this "guarantee bond" is clearly inconsistent with any warranty that may be implied, in that it provides for the return of the article "if for any reason it should prove unsatisfactory", thereby departing from any affirmation of quality, construction or fitness and merely assuring the purchaser that his money will be refunded if he is not satisfied. Having thus limited the defendant's liability to that imposed by the "guarantee bond", it follows that if the plaintiff cannot bring his case within the terms thereof, that recovery of the purchase price must be denied.

It is undisputed that the refrigerator was purchased in September, 1932; that the plaintiff discovered in the summer of 1933 that it would not properly function in extremely hot weather; and that he made no complaint of this defect, and did not at any time avail himself of the right then existing under the "guarantee bond". We think such a guarantee, whether we term it a warranty or a sale with option to return, must be treated as one under which complaint must be made within a reasonable time. What is a reasonable time is, ordinarily, a jury question, but like all such questions, becomes a question of law when the facts and circumstances can lead to but one conclusion. *Salina Implement Co.* v. *Haley,* 77 Kan. 72, 93 P. 579; *In re The Venezuela,* 173 Fed. 834; *McCormick Harvesting Mach. Co.* v. *Arnold et al.,* 116 Ky. 508, 76 S. W. 323. Having waited two years after first learning of the defect in the refrigerator, with respect to making ice and preserving food, we do not think the plaintiff should be permitted at this late day to rely upon this defect. A claim based thereon was not asserted within a

reasonable time, and therefore, under the terms of the "guarantee bond," the plaintiff was not entitled to recover the purchase money paid. A finding in its favor could not have been sustained, and, under well settled rules, the court was warranted in not submitting the case to the jury.

Up to this point we have considered the "guarantee bond" as a warranty; however, there is the further contention that the bond constitutes, in legal effect, merely an expression of the condition imposed by a "sale or return" transaction, by which property is sold, but is liable to be returned to the vendor at the option of the purchaser. *Osborne Co.* v. *Francis,* 38 W. Va. 312, 18 S. E. 591, 45 Am. St. Rep. 859; *Fountain* v. *Jones,* 181 N. C. 27, 106 S. E. 26; Williston on Sales, 2d Ed., sec. 270; Williston on Contracts, Revised Edition, sec. 722. "There is a wide difference between an option given to the buyer to return the goods if not satisfactory and a warranty of quality. The latter is continuous and runs with the goods, but the former must be exercised within a reasonable time after the receipt of the goods." *Childs* v. *O'Donnell,* 84 Mich. 533, 47 N. W. 1108, 1109.

The plaintiff was given an option of returning the refrigerator if he was not satisfied, although the sale was completed and, of course, title had passed to the purchaser. "If the condition of the sale be that the property may be returned if it does not prove 'satisfactory' to the buyer * * * the condition must be fully performed, that is, the buyer must in fact be satisfied." *Osborne Co.* v. *Francis, supra,* quoting Tied. Sales, sec. 214. This right to return, is, in this jurisdiction, absolute, and cannot be questioned by the vendor as to the unreasonableness of the purchaser's opinion or judgment in determining whether or not the article purchased is satisfactory. *Osborne Co.* v. *Francis, supra.*

No time was specified for the return of the refrigerator in the event that "for any reason it should prove unsatisfactory," but a reasonable time will be presumed. "Thus, if he retains the goods for more than a reasonable time,

his right to return or refuse the goods is lost * * *." Williston on Contracts, *supra*. "* * * if no time is specified, the law implies that it (the return) is to be made within a reasonable time." 24 R. C. L. 428, sec. 723, and cases cited; *Bolender* v. *Pearce*, 238 Ill. App. 137.

As hereinbefore set forth, plaintiff's purchase was made in September, 1932, and no attempt was ever made to return the refrigerator. In fact, the first intimation received by the defendant that plaintiff was not satisfied, was the notice of the fire, given by Mr. Gain at defendant's store in Clarksburg, in August, 1935, some two years and eleven months after the purchase, and even at that time no demand was made upon defendant. "The general rule that what is a reasonable time is a question of fact, is usually applied where the circumstances are complicated, and it seems that where there is no conflict in the evidence as to the facts and the delay has been so great as to be unjustifiable from any point of view or the goods have been returned within so short a time as to be clearly reasonable, the question need not be submitted to the jury." 24 R. C. L. 428, sec. 724; *Cleary* v. *Barlow*, 252 Mass. 101, 147 N. E. 348.

We are of the opinion that the "guarantee bond", which accompanied the sale, is nothing more than a showing that a "sale or return" was contemplated by the parties and that plaintiff's unqualified right to return the refrigerator was lost by its retention for what we believe to be, more than a reasonable time, as a matter of law.

We perceive no error in the ruling of the Circuit Court of Harrison County directing a verdict and entering judgment thereon, and the judgment so entered will be affirmed.

*Affirmed.*